JOHN PERKINS, APPELLANT, *v.* EDWARD P. FOURNIQUET, AND HARRIET, HIS WIFE.

The sixty-second rule of this court, (13 Howard,) is as follows: "In cases where a writ of error is prosecuted to the Supreme Court, and the judgment of the inferior court is affirmed, the interest shall be calculated and levied from the date of the judgment below, until the same is paid, at the same rate that similar judgments bear interest, in the courts of the State where such judgment is rendered. The same rule shall be applied to decrees for the payment of money, in cases in Chancery, unless otherwise ordered by this court. This rule to take effect on the first day of December term, 1852.

Before this rule, interest was to be calculated at six per cent., from the date of the judgment in the Circuit Court to the day of affirmance here; and the confirmation of the report of the clerk, in the case of Mitchell *v.* Harmony, (13 Howard, 149,) was under the rules then existing.

So, also, where a case from Mississippi was affirmed at December term, 1851, the mandate from this court should have been construed to allow interest at six per cent. from the date of the decree in the court below, to the date of the affirmance in this court. Therefore, it was erroneous either to allow six per cent. until paid, or to allow the current rate of interest in Mississippi, in addition to the six per cent. allowed by this court.

The several rules upon this subject examined and explained.

THIS was an appeal from the Circuit Court of the United States for the Southern District of Mississippi.

It is stated, in the report of the preceding case, that, at December term, 1851, a case of Fourniquet and wife, against Perkins, came up from Mississippi, and the decree of the Circuit Court was here affirmed by a divided court. It was, therefore, not reported.

The proceedings under the mandate, and the questions which arose thereon, are set forth in the following opinion of the court:

Mr. Chief Justice TANEY delivered the opinion of the court.

It appears, in this case, that on the 22d of May, 1849, the Circuit Court for the Southern District of Mississippi, passed a decree in favor of the appellees, against the appellant, directing

Perkins v. Fourniquet et ux.

him to pay the sum of $16,496.61, within thirty days thereafter, with legal interest from the date of the said decree, or, in default thereof, the appellees to have execution against the appellant.

This decree was affirmed at the last term of this court, with costs and damages, at the rate of six per cent. per annum; and a mandate issued to the Circuit Court reciting the judgment of this court, and directing it to be carried into execution.

After this mandate was filed in the Circuit Court, the appellees obtained an execution against the appellant, by which the marshal was commanded to levy the amount of the original judgment in the Circuit Court, with the Mississippi interest of eight per cent., and damages at the rate of six per cent. in addition, making together, fourteen per cent., from the date of the original judgment, until paid.

The appellant insisted that, under the mandate, he was bound to pay nothing more than damages at the rate of six per cent. on the original decree, from the time it was rendered. And, acting upon this construction of the judgment of this court, and supposing himself chargeable with the six per cent. damages, until the decree was satisfied, he payed the marshal, on the 12th of May, 1852, the amount he supposed to be due, calculating the interest up to that time, and, by some error in the reckoning, he paid a small sum over. And, as the appellees still insisted upon levying the whole amount for which they had obtained process of execution, he moved the Circuit Court to refer it to a Commissioner, to report the amount due under the judgment of this court, and how much, if any, he had overpaid in his settlement with the marshal. It was admitted that the costs were all paid. The only controversy was about the interest and damages, as above stated.

The commissioner reported that, according to the basis of settlement claimed by the appellant, he had overpaid the amount due on the decree, $61.50; but that, according to the construction of the mandate insisted on by the appellees, there was still due to them a balance of $3,831.02.

Upon this report, the appellant moved the court to order satisfaction of the decree to be entered of record; or, to quash the execution then in the hands of the marshal, and order the clerk of the court to issue no furthe fi. fa. on the decree; and, also, for an order on the marshal, or the appellees, as might be proper to refund the money overpaid.

But the court overruled the motion, ordering, at the same time, that no further execution should issue, until the appellant had a reasonable time to present an appeal to this court. And this appeal was accordingly taken.

An objection has been made to the manner in which this case

28 *

has been brought before the court, and a motion made to dis-miss, upon the ground that an appeal will not lie from this decision of the Circuit Court.

This objection to the form of proceeding, involves nothing more than a question of practice. The mandate from this court left nothing to the judgment and discretion of the Circuit Court, but directed it to carry into execution the decree of this court, which was recited in the mandate. And if the decree of this court has been misunderstood, or misconstrued, by the court below, to the injury of either party, we see no valid objection to an appeal to this court, in order to have the error corrected. The question is merely as to the form of proceeding which this court should adopt, to enforce the execution of its own mandate in the court below. The subject might, without doubt, be brought before us upon motion, and a mandamus issued to com-pel its execution. But an appeal from the decision of the court below, is equally convenient and suitable; and, perhaps, more so, in some cases, as it gives the adverse party notice that the question will be brought before this court, and affords him the opportunity of being prepared to meet it at an early day of the term. The appeal certainly would not stay proceedings. And it would be the duty of the Circuit Court, notwithstanding the appeal, to proceed to execute the judgment of this court, unless, as in this case, he entertained doubts of its construction and meaning, and deemed it, therefore, just and equitable to suspend its execution, until the decision of this court could be had in the premises.

In the case before us, however, there was substantially an equity proceeding and final decree, after the mandate was filed. It is true, they were summary, and necessarily so, as the matters in dispute under the execution were brought before the court by motion. But the claims of the respective parties were referred to a Commissioner to examine and report; he made his report, and the court decided upon it. This decision, although briefly stated, was, in substance, a final decree upon the matters in controversy. It might, therefore, under the act of Congress, be regarded as such, and revised accordingly, by an appeal to this court. Plenary and formal proceedings are not necessary, and never required, when the dispute is confined to matters arising under process of execution. They are more conveniently and as fully brought before the court, by a summary proceeding on motion.

The questions in controversy in the Circuit Court, and its decision upon them, are, therefore regularly before us.

The difficulty in that court, seems to have arisen from sup-posing that the act of 1842 applied to judgments and decrees in

this court. And this, we presume, occasioned the error it committed, in the construction and execution of the decree and mandate in question.

The act of 1842 does not embrace cases in equity; nor does it extend to either judgments or decrees, in this court. It is confined, in plain terms, to judgments at law, in the circuit and district courts. It places the judgments of these courts, in respect to interest, upon the same footing with the judgments of the State courts. And where, by the law of the State, the judgment of a court carries a certain interest until paid, the former rule and the same rate of interest is to be allowed in the circuit and district courts of the United States. And the marshall is directed to levy it on process of execution, wherever it can be so levied on a judgment in the State Court. In such cases the judgment bears interest by force of the law, although, upon the face of it, it may not purport to carry interest. Upon common-law principles a judgment does not carry interest. It is true, that damages may be recovered for the detention of the debt, in an action on the judgment. But previous to the act of 1842, neither interest nor damages, for the detention of the debt, could have been levied under process of execution, upon the judgment of a circuit or district court of the United States.

But the act of 1842, does not speak of interest or damages upon the judgments of this court, nor does it repeal the 23d section of the act of 1789. This section provides, that when a judgment or decree is affirmed here, this court is directed to adjudge or decree to the respondent in error, just damages for his delay, and single or double costs, at their discretion. Under this law there is no distinction made between cases in equity, and at law. In either of them, the damages to be allowed, in addition to the amount found to be due by the judgment or decree of the court below, is confided to the judicial discretion of this court. And the 17th, 18th, and 20th rules were adopted in pursuance of this power.

These rules have been in force, and acted on by the court, since 1807, when the 20th rule was adopted, until the new rule upon this subject was made at the close of the last term. And the change then made was not occasioned by any supposed repugnancy between them and the act of 1842. But because the court deemed it just to place the judgments in this court upon the same footing with the judgments in the circuit and district courts; and that suitors in the courts of the United States, should stand on the same ground with suitors in the State courts in its appellate, as well as in its inferior tribunals. In adopting the new rule this court exercised the same power which it had exercised in adopting the former rules, that is, the

discretionary power conferred by the act of 1789, as hereinbefore mentioned.

The 17th rule provides, that when a case appears to be brought merely for delay, damages shall be awarded at the rate of ten per cent. on the amount of the judgment; and by the 18th rule, the damages are to be at the rate of six per cent. when it appears that there is a real controversy.

These two rules were passed in 1803. And as some difficulty arose as to the time for which these damages were to be computed, the 23d rule was afterwards (1807) adopted, and provides, that the damages allowed by the two former rules shall be calculated to the day of the affirmance of the judgment in this court.

The question as to the operation of the act of 1842, upon the 18th and 20th rules, was brought to the consideration of the court at the last term, in the case of Mitchell *v.* Harmony. The judgment brought up by the writ of error, was rendered in the Circuit Court of New York, and was affirmed in this court. The sum recovered was large, and the interest, even for a short time, was therefore important. And the counsel for Harmony, the defendant in error, moved the court to allow him the New York interest of seven per cent. upon the amount of the judgment, and that the interest should run until the judgment was paid. But as the rules above mentioned were still in force, the court held, that he was entitled only to six per cent., to be calculated from the date of the judgment in the Circuit Court, to the day of affirmance here.

The case now before us, was decided in the early part of the last term, before the case of Mitchell *v.* Harmony, and consequently falls within the operation of the same rules, and damages upon the affirmance of the decree must be calculated in like manner.

Indeed, in the New York case, the claim for interest stood on stronger ground than in the present one, for that was an action at law. The act of 1842, therefore, applied to the judgment in the Circuit Court, and it would have carried the State interest until paid, if it had not been brought here by writ of error. But this is a decree in equity, and not embraced in the act of 1842, and according to the settled chancery practice, no interest or damages could have been levied under process of execution, upon the amount ascertained to be due, and decreed to be paid, if there had been no appeal; 2 Ves. 157, 168, n. 1, Sumn. Ed.; 2 Dan. Chan. Plead. and Prac. 1442, 1437, 1438. Nor could any damages or interest have been given on its affirmance here, but for the discretionary power vested in this court by the act of 1789. That discretion, as we have already said, extends to de-

crees in equity, as well as judgments at law. And the rules have always been applied to both, unless otherwise specially ordered.

It follows, from what we have said, that the appellees, upon the affirmance of the decree, were entitled to damages at the rate of six per cent., to be calculated from the date of the decree to the date of the·affirmance; and to no 'further interest or damages. The decree was passed by the Circuit Court, on the 22d day of· May, 1849, for $16,496.61, and was affirmed in this court on the 24th of December, 1851. The interest from the date of the decree to the time of affirmance in this court, is $2,562.37,·making together the aggregate sum of $19,058.98. This amount, together with the costs, is all that the appellees were entitled to recover under the judgment and mandate of this court. It appears, however, that the marshal has received, under the process of execution, $19,500, in addition to the costs, and paid it over to the solicitor of the appellees.

They have, therefore, received $441.02 more than they were entitled, and that sum must be refunded to the appellant.

It is proper to say, that the mandate in question was in the usual form, and the same with the mandate in Mitchel *v.* Harmony, and indeed the same that has been used since the adoption of the rules above mentioned. And it never has been supposed by this court to sanction the collection of State interest on the judgment; and still less the unprecedented interest and damages claimed in this case, amounting together to fourteen per cent.

The decree of the Circuit Court, overruling the motion of the appellant, must therefore be reversed, and a mandate issued, directing the court below to enter the decree satisfied, and also to order and direct the appellees to repay to the appellant the sum of $441.02, with the State interest thereon of eight per cent. from the time it was received by their solicitor from the marshal.

## Order,

· This cause came on to·be heard on the transcript of the record from· the Circuit Court of the United States for the Southern District of Mississippi, and was argued by counsel. On consideration whereof, it is ordered, adjudged, and decreed, that the decree of the Circuit Court overruling the motion of the appellant, be, and the same is hereby, reversed, with costs, and that this cause be, and the same is hereby, remanded to the said Circuit Court, with instructions to that court to enter the decree rendered by that court on the 22d day of May, A. D. 1849, for $16,496.61, with legal interest from said date, satisfied,

and to order and direct the appellees to repay to the appellant the sum of $441.02, with the State interest thereon, of eight per cent. from the time it was received by their solicitor from the marshal.