# JITSUNOSUKE KOBATA *vs* THE STEAMSHIP STANLEY DOLLAR; RYOTARO TORII *vs.* SAME; MORIZO YAMAMOTO *vs.* SAME.

## November 11, 1909.

*Final hearing—Section 824 R. S. U. S.:* Counsel filed a stipulation that the decision in another case should, when made, be the decision in these cases. *Held,* that the decision in such other case being made, a final hearing in these cases had taken place.

*Docket fees:* Counsel represented three similar cases bearing on the same subject-matter, and which might have been joined in one libel. *Held,* that he is entitled to but one docket fee.

*Interest on decrees:* Section 966 R. S. U. S., providing for interest on judgments, does not apply to decrees. When no interest is allowed in a decree in admiralty, nor in the appellate court on appeal, the inferior court to which the mandate of the appellate court is directed, may not add an allowance of interest.

*In Admiralty*:    Motion for decree.

*Thompson & Clemons,* Proctors for Libelants.
*E. C. Peters,* Proctor for Libellee.

DOLE, J.   In these cases a stipulation between the libelants and the libellee was filed, by which it was agreed that the decision of the court in the case of K. Imada and thirty-five other Japanese *vs.* The Steamship Stanley Dollar, John C. Bruce, claimant, which may be made, shall be held to be the decision of the court in such cases "in the same manner and for all purposes as though" such causes had been duly tried before the court, and such decision should be entered in accordance therewith, for the same amount of damages as the court may award to an individual libelant in the said cause, if for the libelants, and for the costs of these actions, and in case such decision should be for the libellee, that judgment should be entered against such libelants and for costs in these actions. Such stipulation included such disposition of the Imada case as might be had on appeal.

The court entered a decree in favor of the libelants in the amount of $4,061.88, or $112.83 to each of the said libelants. An appeal from this ruling was taken to the Ninth Circuit Court of Appeals, which court affirmed the decree in this court, with the exception of the claim for damages for loss of work and expenses while awaiting trial, amounting to $50.38 for each of said libelants, which was disallowed, leaving an award of $62.45 to each libelant, not including costs, which, under the stipulation, is the amount these libelants are entitled to. The counsel in these cases claim, however, a docket fee of $20 in each case, which is contested by counsel for the libellee and claimant.

A preliminary question arises at this point, which is whether there has been such a final hearing in the meaning of section 824 of the Revised Statutes, as to allow for any docket fee in

these cases. The allowance of one docket fee is not contested by counsel for the claimant.

I find on this point that the stipulation having referred the decision of these cases to the decision in the Imada case referred to, and that having been decided, a final hearing has taken place upon the matters alleged in these libels. *The Mount Eden,* 87 Fed. Rep. 483; *The H. C. Grady,* Id. 484, and cases cited. I find also that the counsel in these cases is entitled to but one docket fee. The libels are all similar and might have been incorporated in one libel as were the interests joined in the Imada case. *The Mount Eden,* supra.

Counsel for libelants also claim interest on the amount decreed. It appears that no interest was allowed in the original decree, and the final decree makes no mention of interest.

In the case of *Green v. Chicago S. & C. Co.,* 49 Fed. Rep. 909, the judge said:

" Whether interest shall be allowed on the affirmance of a judgment or decree of the lower court from the date of its rendition is a question for the consideration solely of the supreme court, especially where interest is not awarded as a part of such judgment or decree by the inferior court. Where the judgment or decree of an inferior court does not expressly award or carry interest, and the supreme court merely affirms such judgment or decree, and says nothing on that subject, 'it is to be taken as a declaration of this court that, on the record as presented to it, no interest was to be allowed'. \* \* \* In such case it is the duty of the inferior court to which the mandate of the supreme court is directed to enter judgment or decree strictly in accordance with the judgment or decree of the supreme court and 'not to add to it the allowance of interest'."

This ruling agrees with the opinion of the court on this point. It does not appear that there is any precedent for allowing interest under the circumstances, and it is against a common sense consideration of the subject, the case having been disposed of without raising the question of interest, and the stipulation of counsel agreeing to abide by whatever decision might be rendered. To consider the question of interest now is consider-

ing a new point, which cannot be allowed under the stipulation, not to speak of precedents. *Hagerman v. Moran,* 75 Fed. Rep. 97, 101; *The Glenochil,* 128 Fed. Rep. 963, 967; *Boyce v. Grundy,* 9 Pet. 275, 289; *In re Washington & Georgetown R'd. Co.,* 140 U. S. 91, 97.

Counsel for libelants cites section 966 of the Revised Statutes in support of his contention. This provides that "interest shall be allowed on all judgments in civil causes recovered in a circuit or district court." The 23rd rule of the Supreme Court and the 30th rule of the Circuit Court of Appeals, Ninth Circuit, provide that in admiralty interest may be allowed "if specially directed by the court." These rules are probably passed upon the failure of the law referred to, to include decrees within its provisions; it simply provides for interest upon judgments at law. *Perkins v. Fourniquet,* 55 U. S. (14 How.) 328, 330; *The New York,* 108 Fed. Rep. 102, 109.

Decree will be entered, awarding the libelants in these cases $62.45 each, with one docket fee of $20 to counsel.