**POWNALL et al. v. UNITED STATES.**

No. 11340.

Circuit Court of Appeals, Ninth Circuit.

Jan. 29, 1947.

Rehearing Denied Feb. 27, 1947.

Leo R. Friedman and Jos. I. McMullen, both of San Francisco, Cal., for appellants.

James M. Carter, U. S. Atty., Ronald Walker and Robert E. Wright, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before DENMAN, BONE and ORR, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment rendered in favor of the United States in an action wherein the United States sought to recover the sum of $113,709.19, claimed to be due and owing by virtue of an order made by the Under-Secretary of War under the authority of the Federal Renegotiation Act determining that appellants had made excess profits in such amount during the fiscal year ending December 31, 1943.

The United States instituted an action at law to recover from appellants $113,709.-19 allegedly due under an order made by the Under-Secretary of War on December 27, 1944, which order was made under the authority of the Federal Renegotiation Act, as contained in the Revenue Act of 1943, 50 U.S.C.A.Appendix § 1191. The order of the Under-Secretary of War (eventually the order of the War Contracts Price Adjustment Board) determined that appellants had made "excessive profits," during the fiscal year ending December 31, 1943, in the amount of $628,373.14. The complaint was based upon the last mentioned amount less a tax credit which reduced the sum claimed to be due to the amount for which the judgment was rendered.

Appellants' answer raised, among others, the question of the constitutionality of the Renegotiation Act and seeks an overruling of our decision in Spaulding v. Douglas Aircraft Co., 9 Cir., 154 F.2d 419. They contend that we have not considered the fact that the Under-Secretary of War and War Contracts Price Adjustment Board determined the amount of excess profits upon secret data, and hence the determination is without the due process required in a proceeding fixing a legal liability upon them. Assuming, but not deciding, that the Board may not consider such evidence, this contention ignores the provision of Sec. 403(e) (1) of the Act that appellants may petition the Tax Court, which court may "determine as the amount of excessive profits an amount either less than, equal to, or greater than that determined by the Board. A proceeding before the Tax Court to finally determine the amount, if any, of exessive profits shall not be treated as a proceeding to review

74

the determination of the Board, but shall be treated as a proceeding de novo."

Section 403 (e) (1) further provides that the Tax Court shall act under the provision of § 1111 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 1111, which provides "The proceedings of the Board [now Tax Court] and its divisions shall be conducted in accordance with such rules of practice and procedure (other than rules of evidence) as the Board may prescribe and in accordance with the rules of evidence applicable in the courts of the District of Columbia in the type of proceedings which prior to September 16, 1938, were within the jurisdiction of the courts of equity of said District."

■Under such rules of evidence, the determination cannot be made on secret evidence. We adhere to our decision in Spaulding v. Douglas Aircraft Co. that there is no constitutional infirmity in the Renegotiation Act.

■ Appellants contend that the Under-Secretary of War and the Board have no authority under the Act to renegotiate the particular contracts here involved. They claim that since each of their subcontracts was for less than $100,000 the provisions of the Act as amended on February 25, 1944, do not cover them. They also contend that since each contract was completed prior to that amendment, they are not within its coverage. Assuming, without deciding, that there is merit in these contentions, we are of the opinion that the district court was without jurisdiction to consider them.

In Macauley v. Waterman S. S. Corp., 327 U.S. 540, 66 S.Ct. 712, a similar contention was made respecting a claim that the contracts were not covered by the Act because the charters whose profits were renegotiated were with the British Minister of War Transportation and not with the Maritime Commission. The Supreme Court held that such a question of coverage was within the jurisdiction of the Tax Court and that the Steamship Corporation, not having petitioned the Tax Court, had failed to exhaust its administrative remedy and hence, under Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459,

82 L.Ed. 638, the district court was without jurisdiction to act.

In so holding the Supreme Court states, 327 U.S. at page 544, 66 S.Ct. at page 714, "The legislative history of the Renegotiation Act, moreover, shows that Congress intended the Tax Court to have exclusive jurisdiction to decide questions of fact and law, which latter include the issue raised here of whether the contracts in question are subject to the Act," to which it added a footnote, as follows: "One of the sponsors of the Renegotiation Act in the House explained the Bill as providing that the Tax Court could make decisions on *all* 'questions of fact and law * * *.' 90 Cong.Rec. 1355." (Emphasis supplied.)

Though the United States does not make the contention here it is apparent that if "all" questions of law are within the jurisdiction of the Tax Court, the district court was without jurisdiction to act in this case on the question of the constitutionality of the Renegotiation Act. If this ultimately be held it would be the controlling ground for affirming the judgment below.

The judgment is sustained.