## SAMPSON MOTORS, Inc. v. UNITED STATES.

### No. 11644.

Circuit Court of Appeals, Ninth Circuit.

June 21, 1948.

Robt. E. Rosskopf, of Los Angeles, Cal., for appellant.

James M. Carter, U. S. Atty., Ronald Walker and Robert E. Wright, Asst. U. S. Attys., all of Los Angeles, Cal., for appellee.

Before DENMAN, HEALY and BONE, Circuit Judges.

DENMAN, Circuit Judge.

Sampson Motors, Inc., hereinafter called Sampson, appeals from a judgment holding it liable to the United States for $17,176.33, plus interest at 6%, amounting to $574.69.

The Under Secretary of War determined that during the fiscal year ending November 30, 1942, Sampson had earned excessive profits in the sum of $60,000. Against this Sampson had a tax credit of $42,823.67, leaving as a balance due the United States the above $17,176.33. Sampson did not petition the Tax Court of the United States for a redetermination of the amount so determined in the renegotiation, as provided in § 403 of the Renegotiation Act of 1942, 50 U.S.C.A.Appendix, § 1191.

The suit below by the United States against Sampson was based on the obligation of $17,176.33, plus interest, and against Lockheed Aircraft Corporation for $17,543 owed by it to appellant and withheld from payment under withholding orders of the Under Secretary, to apply in discharge of Sampson's obligation. The amount so withheld left a balance due from the United States of $30.20, with interest, for which judgment was given.

Two of Sampson's grounds of appeal are that it does not owe the $17,176.33 because (a) the Renegotiation Act is unconstitutional on its face and (b) if constitutional, appellant was not given a proper hearing in the renegotiation. The Supreme Court has held the Act constitutional and that the failure of appellant to seek its administrative remedy in the Tax Court leaves the district court without power to consider the validity of renegotiation proceedings. Lichter v. United States and Pownall v. United States, —— U.S. ——, 68 S.Ct. 1294, decided June 14, 1948, in which the decision of this court in Pownall v. United States, 9 Cir., 159 F.2d 73, is affirmed.

Appellant further contends that the district court erred in sustaining the contention of the United States that it is entitled to interest on the balance due of $17,176.33, resulting from the renegotiation and the tax allowance. It contends that since the Renegotiation Act of 1942 makes no provision for interest on the renegotiated amount, the district court has no power to impose it, citing Perkins v. Fourniquet, 14 How. 328, 55 U.S. 328, 14 L.Ed. 441; Washington & G. R. Co. v. Harmon, 147

U.S. 571, 13 S.Ct. 557, 37 L.Ed. 284; United States v. Verdier, 164 U.S. 213, 17 S.Ct. 42, 41 L.Ed. 407.

 We do not agree. We are in accord. with the view taken in United States v. Strontium Products Co., D.C.W.Va., 68 F. Supp. 886, 888, where it is stated,

"It must be noted that this is not a suit between private individuals, but one brought by the Government seeking to recover a debt, ex contractu, from private persons. The allowance of interest in such a situation does not require express statutory authority. Billings v. United States, 232 U.S. 261, 34 S.Ct. 421, 58 L.Ed. 596. 'To such a case, equitable rules relating to interest recoverable in suits for an accounting, or for recovery on quasi-contractual obligations arising from payment of money by mistake, are inapplicable.' Royal Indemnity Co. v. United States, 313 U.S. 289, 61 S.Ct. 995, 998, 85 L.Ed. 1361. Allowance of interest at a fair rate from the date of default on the principal sum found to be due is an appropriate measure of damages. Idem. The tenor of the Act clearly reveals a Congressional purpose to effect speedy collection. The provision authorizing review by the Tax Court is specifically limited so as to not operate 'to stay the execution of the order of the Board.' Various means are provided to speed recovery: by withholding money owed to the contractor, by revision of contracts, by ordering third parties to withhold, by repayment, credit or suit, or by any combination of these methods. Such a statutory policy makes it essential to exact interest from the contractor who refuses to pay, and who retains the use of the money while depriving the Government of its use, so as not to penalize prompt contractors who comply with the letter and spirit of the Act.

Paragraph 626.3(3) of the Regulations of the War Contracts Price Adjustment Board is as follows: '(3) Interest at the rate of 6% per annum accrues upon the amount determined as excessive profits to be eliminated less the tax credit, if any, from and after the date fixed in the demand for payment. * * *' While this regulation is not binding upon the Court, it is persuasive and worthy of substantial consideration."

In the Pownall and Lichter cases, supra, the Supreme Court finds that in both interest was adjudged on the renegotiated amounts. While the question of the validity of the awarding of interest was not raised and merely lurks in the record (Webster v. Fall, 266 U.S. 507, 511, 45 S.Ct. 148, 69 L.Ed. 411), it is not without significance that the question was not raised.

The judgment is, affirmed.