**UNITED STATES v. RAYMOND DE-ICER CORP.**

Civ. 7735.

United States District Court
E. D. New York.

Nov. 28, 1949.

J. Vincent Keogh, U. S. Atty., Brooklyn, N. Y., for plaintiff, for motion by Jesse G. Silverman, Brooklyn, N. Y.

Edward Nathan, New York City, for defendant.

INCH, Chief Judge.

This is a motion by the United States of America, plaintiff, for summary judgment against the Raymond De-Icer Corporation, defendant.

The action was brought by the Government to recover a claim of $145,314.66, arising under the Renegotiation Act of 1942, as amended, 50 U.S.C.A.Appendix, § 1191.

The defendant was a contractor and manufactured de-icer shields for airplanes.

Plaintiff's complaint alleges that proceedings for the renegotiation of defendant's contracts were instituted, pursuant to the Act, and that on April 19, 1946, the War Contracts Price Adjustment Board (hereinafter called the "Board"), notified the defendant that it had reviewed and adopted an order of the Under-Secretary of War dated November 8, 1945, which had determined that the defendant had realized excess profits of $239,257.80 on its contracts for the fiscal year ending June 30, 1944. On April 22, 1946, the Board notified the defendant that it was entitled to a tax credit of $93,943.14, leaving a balance of $145,314.66 due and owing the Government, and that said amount has been duly demanded but has not been paid.

The defendant answered admitting the receipt of the Board's order and the fact that demand had been made, but denies liability of any amount to plaintiff. The answer also sets up a number of defenses, among them the claim that defendant is exempt from the provisions of the Act by reason of the amount of its sales for the period involved, that a petition for redetermination has been filed with the Tax Court of the United States, which appeal is still pending, and that, therefore, the Board's order is not final and conclusive, and that pending a determination of the Tax Court there is no claim before this Court upon which the relief here sought can be granted, that the Tax Court has exclusive jurisdiction over the subject-matter of the complaint, and that the Board's determination was erroneous.

The suggestion that the Government has been guilty of "laches" in making this motion is without merit.

There is no question but that the issues before the Board as to the price reductions, salaries and similar matters by which the Board came to its conclusion as to the amount of the tax credit allowed and total sum due, presented questions of fact, and such questions were duly determined by the Board in accordance with the said Act.

The plaintiff's position, which I think is the correct one, is that this Court is without jurisdiction to try such issues for the reason that the Renegotiation Act has vested the Tax Court with exclusive jurisdiction to try those issues, and furthermore, that the order of the Board is

not stayed by the filing of said petition by defendant for Congress has provided to that effect in the Act, and further has provided that if the Tax Court shall ultimately decide in favor of defendant, in whole or in part, the defendant will then be allowed the proper refund, with interest. P.L. 40, 79th Congress, 1st Session, April 25, 1945, 59 Stat. 77; P.L. 521, 79th Congress, 2nd Session, July 23, 1946, 60 Stat. 600.

Apparently both sides agree that the Tax Court has exclusive jurisdiction to decide all questions of law and fact relating to the amount of excess profits involved and the reasons, intent and purpose of Congress in enacting this law is well expressed by the Supreme Court in Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 767–769, 67 S.Ct. 149, 91 L.Ed. 1796; also see Macauley v. Waterman Steamship Corporation, 327 U.S. 540, 66 S.Ct. 712, 90 L.Ed. 839.

Accordingly Congress intended to permit the Government to collect excess profits by suit on the entry of the Board's order, even though a petition for redetermination was then pending before the Tax Court. The law also protects contractors who have paid pursuant to a Board's order, which order might subsequently be modified by the Tax Court, by means of the proper refund, with interest.

I am satisfied, therefore, that this motion for summary judgment should be granted, but there remains one matter over which this Court does have jurisdiction to determine. In such exercise of jurisdiction, this Court is not reviewing the Board's order, but, on the contrary, is giving it full effect. It apears, without substantial dispute, that the Government has received certain sums, or withheld for the benefit of the Government certain sums, which should be credited against any judgment now recovered by it. Consequently, while the motion for summary judgment is granted, the exact amount of that judgment which will follow must represent the amount claimed, less such amount as should be credited thereon. This can easily be ascertained by stipulation, or if agreement cannot be so had, this Court will receive testimony on which it can make its decision. Arrangements for the above can be made by counsel when the order to be entered hereon is presented for signature on notice.