**UNITED STATES v. CORBETTA et al.**

United States District Court
S. D. New York.
Dec. 27, 1950.

Irving H. Saypol, U. S. Atty. for Southern District of New York, New York City, for plaintiff, by Louis Mansdorf, Asst. U. S. Atty., New York City, for the United States.

Powers & Holman, New York City, for defendants.

RYAN, District Judge.

This is a suit by the United States to recover from the defendants, from May 17, 1945, the sum of $98,982.06 together with 6% interest thereon, this amount representing the difference between $175,000 allegedly ascertained to be excess profits earned by them for the year 1942, pursuant to Section 403(c) of the Renegotiation Act, as amended 50 Appendix U.S.C.A. § 1191, and $76,017.94 allegedly ascertained to be tax credit due the defendants therefor under Section 3806 of the Internal Revenue Code, 26 U.S.C.A. § 3806.

In essence, the defense herein rests on three grounds: (1) the contracts inquired into at the renegotiation hearings are not within the scope of the renegotiation section; (2) the proceedings were barred by the statute of limitations; and (3) assuming the excess profits determination to be correct, the defendants were not allotted the full sum in tax credits to which they are entitled.

Plaintiff now moves to strike several paragraphs of the answer, for judgment on the pleadings and for summary judgment.

The following appears, upon consideration of the pleadings, documents and affidavits submitted, to be substantially undisputed. Defendants were notified of the commencement of the renegotiation proceedings by letter dated October 13, 1943. The proceedings were thereafter held by a duly authorized agent of the War Department Price Adjustment Board and it was determined that " * * * of the profits realized by the defendants, during their fiscal year ending December 31, 1942, * * * the sum of $175,000.00 represents excessive profits, within the meaning of the Renegotiation Act, as amended." By letter dated May 2, 1945, this determination was communicated to defendants, who did not appeal therefrom to the Tax Court within the ninety days prescribed by statute, nor, indeed, at any time thereafter.

Subsequently, a duly authorized agent of the Internal Revenue Department computed the tax credits to which the defendants were entitled under Section 3806 of the Revenue Code, 26 U.S.C.A. § 3806, as a result of the withdrawal from their income for the year 1942 of the sum determined to be excess profits. His determinations, amounting to $76,017.94 for all the defendants, were communicated to them by letters dated March 14, 1949, yet, until the filing of the answer in this case on June 12, 1950, no defendant raised any question as to the accuracy of his calculations.

■ To the extent that defendants' opposition to plaintiff's motion for summary judgment rests on the propositions that their contractual arrangements were not within the coverage of the Renegotiation Statutes, and that the proceedings are barred by the statute of limitations, it is without merit. Sub-section (c) (1) of 50 Appendix U.S.C.A. § 1191 provides that in the absence of an appeal to the Tax Court from the Board's order within ninety days, "such order shall be final and conclusive and shall not be subject to review or redetermination by any court or other agency." Thus, this court is without jurisdiction to entertain such defenses. Lichter v. United States, 1947, 334 U.S. 742, 68 S.Ct. 1294, 92 L.Ed. 1694.

■ Defendants' claim of error in the computation of their tax credits under Section 3806, I.R.C., 26 U.S.C.A. § 3806, poses substantially the same problem in a somewhat different context. Sub-section (c) of that section provides that "If the amount allowable as a credit under sub-section (b) [setting forth the formula for tax credit] exceeds the amount allowed under such sub-section, the excess shall, for the purposes of the internal-revenue laws relating to credit or refund of tax, be treated as an overpayment for the prior taxable year which was made at the time the payment, repayment or offset was made." In those sections of the code regulating recovery of overpayments, Secs. 3770–3772, I.R.C., 26 U.S.C.A. §§ 3770–3772, it is provided that "No suit * * * shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected * * * until a claim for refund or credit has been duly filed with the Commissioner." No such

claim has been filed by these defendants. Since they have not exhausted their administrative remedies for reviewing the determination of which they now complain, this court is without power to undertake such a review.

Motion for summary judgment is granted.