## UNITED STATES v. CORBETTA et al.

United States District Court
S. D. New York.
March 9, 1951.

Irving H. Saypol, U. S. Atty., New York City (Julian R. Wilheim, Department of Justice, Washington, D. C., of counsel), for plaintiff.

Powers & Holman, New York City, (Aaron B. Holman, New York City, of counsel), for defendants.

RYAN, District Judge.

On December 27, 1950, summary judgment was granted in favor of the United States on its claim for excessive profits earned by defendants, under the Renegotiation Act as amended, 50 U.S.C.A. Appendix, § 1191. D.C., 96 F.Supp. 22. The entry of an order directing docketing of judgment in the sum found due is now opposed by defendants on the ground that it includes interest at six percent per annum, which rate defendants contend is excessive.

The Act does not provide the rate of interest payable and its allowance and rate are discretionary. United States v. Bonnell, 9 Cir., 180 F.2d 145. The purpose of the Renegotiation Act is to preserve for the Government funds which belong to it and are held by contractors. The desirability of prompt repayment is obvious. This is effectively insured by allowing the maximum rate of interest on the excessive profits

found due. This rate has evidently met with the approval of Congress and has been found not to be an abuse of discretion. Sampson Motors, Inc. v. United States, 9 Cir., 168 F.2d 878; United States v. Bonnell, supra.

In the three cases considered by the Supreme Court in Lichter v. United States, 1948, 334 U.S. 742, 68 S.Ct. 1294, 92 L.Ed. 1694, interest was computed and allowed at the rate of six percent per annum. These determinations were affirmed without comment as to the rate of interest.

Interest is, of course, compensatory and intended to be neither punitive nor coercive. Six percent is the rate fixed in New York by local law. There are no facts present here which might indicate the fixing of a lower rate of interest.

An order may be submitted providing for entry of judgment with interest at six percent.