**UNITED STATES v. SCANDIA MFG. CO.**
Civ. No. 908–50.

United States District Court
D. New Jersey.
Jan. 8, 1952.

584

Grover C. Richman, Jr., U. S. Atty., John J. Corcoran, Jr., Asst. U. S. Atty., Newark, N. J., for the Government.

Daly, Hillis & McCormick, by Robert R. Daly, Newark, N. J., for defendant.

MEANEY, District Judge.

This is a proceeding by the Government to collect $135,800, the amount of excess profits determined to be due from the defendant. The complaint alleged notice to the defendant, proceedings by representatives of the War Contracts Price Adjustment Board to determine the amount of excessive profits for the fiscal year ending December 31, 1944, on contracts and subcontracts subject to renegotiation, a determination made on or about September 30, 1947, by the Vice-Chairman of the Reconstruction Finance Corporation, notice of such determination mailed to defendant on or about September 30, 1947, review of the determination by the War Contracts Price Adjustment Board on or about February 13, 1948, notice of result of such determination mailed to defendant on or about February 17, 1948, demand for payment on or before March 3, 1948, made on or about February 17, 1948, the determination of a tax credit due to defendant leaving a net excessive profit of $135,800, and failure of defendant to pay this sum.

Defendant moved for a more definite statement specifying the following details:

(1) Allegation of date when proceeding was commenced to determine the amount of excessive profits, and

(2) Allegation of the formal notice of the commencement of renegotiation as required by the statute.

■ The purpose of a motion for a more definite statement is to enable the moving party to frame a responsive pleading. Rule 12(e) Fed.Rules Civ.Proc. 28 U.S.C. In its brief defendant states that it needs these allegations in order to plead the Statute of Limitations contained in the Act 50 U.S.C. A.Appendix, § 1191(c) (3).

The Renegotiation Act, 50 U.S.C.A.Appendix § 1191 et seq., provides for the recovery of excessive profits arising under war contracts. The determination of the amount of excessive profits can be accomplished by a conference between representatives of the War Contracts Price Ad-

justment Board and the contractor. "If the Board does not make an agreement with respect to the elimination of excessive profits * * *, it shall issue and enter an order determining the amount, if any, of such excessive profits, and forthwith give notice thereof by registered mail to the contractor or subcontractor." 50 U.S.C.A.Appendix, § 1191(c) (1). It is further provided that "In the absence of the filing of a petition with The Tax Court of the United States under the provisions of and within the time limit prescribed in subsection (e) (1), such order shall be final and conclusive and shall not be subject to review or redetermination by any court or other agency." 50 U.S.C.A.Appendix, § 1191 (c). (1). On appeal to the Tax Court a de novo proceeding was provided for.

█ Where there is an appeal to the Tax Court, that court has exclusive and final jurisdiction if the question is neither constitutional nor jurisdictional. See Psaty & Fuhrman, Inc., v. Stimson, D.C., 1950, 182 F.2d 985. Thus even where the appeal provisions of the statute are followed, the right of a litigant to raise questions before the District Court is extremely limited.

Where there is no appeal to the Tax Court, the statute provides that the determination shall be final and conclusive and not reviewable by any court. Therefore the question is presented as to what is the function of the District Court where the Government brings suit to recover the amount of excessive profits determined by the War Contracts Price Adjustment Board where there has been a failure to have recourse to the appeal provisions of the statute.

█ By failing to seek his administrative remedy in the Tax Court, the contractor precludes the District Court from considering the validity of the renegotiation proceeding. See Sampson Motors, Inc., v. United States, 9 Cir., 1948, 168 F.2d 878. It has subsequently been held that failure to petition the Tax Court, forecloses the petitioner from presenting any defenses to the action in the District Court. United States v. Paddock, 5 Cir., 1949, 178 F.2d 394; Lichter v. United States, 6 Cir., 1947,

160 F.2d 329; United States v. Hopkins, D.C.N.D.Ohio, E.D.1951, 95 F.Supp. 14. Where as in the present case, the defendant seeks to raise the defense of Statute of Limitations to the action in the District Court, after having failed to petition the Tax Court, there has been a conflict in the decided cases. In United States v. Wissahickon Tool Works, Inc., D.C.S.D.N.Y., 1949, 84 F.Supp. 896, on substantially similar facts, the Court held that the Government's motion to strike the defense of Statute of Limitations as insufficient should be denied. It was also held in this case that the complaint was not bad because it failed to allege facts showing the commencement of proceedings within the statutory period. Applying this rule to the facts of the present case, the defendant's motion should be denied with leave to set up the Statute of Limitations in the answer.

Subsequent to the Wissahickon case, supra, a District Court in Ohio has held that it (the District Court) acts as a collection agency in such suits and the action goes to judgment summarily as the defendant has no opportunity to defend. The Court also held that the defendant must present the question of time of initiation of proceedings to the Tax Court. See United States v. Hopkins, supra. A New York District Court was presented with a situation where the defendant had failed to petition the Tax Court and in answer to suit by the Government to collect the amount of excessive profits, set up the defense of Statute of Limitations. On motion by the Government for summary judgment, the Court held that it was without jurisdiction to entertain such a defense and granted the motion. See United States v. Corbetta, D.C.S.D.N.Y., 1950, 96 F.Supp. 22.

█ In light of the statutory provisions for the status to be accorded to an unappealed unilateral determination and of the purpose of Rule 12(e), the rule of the latter cases seems to this Court to present the sounder solution. Accordingly, the motion of the defendant for a more definite statement should be denied. Further, the defense of Statute of Limitations may not be presented and the Government should move for summary judgment.