### UNITED STATES v. FRANK M. HILL MACHINE CO.

#### Civ. A. 4867.

United States District Court
D. Massachusetts.

May 26, 1952.

George F. Garrity, U.S. Atty., Boston, Mass., Thomas P. O'Connor, Ass't U.S. Atty., Boston, Mass., for plaintiff.

Samuel Bergson, Boston, Mass., for defendant.

SWEENEY, Chief Judge.

This is an action brought pursuant to § 403 of the Renegotiation Act, 56 Stat. 226, 245, 50 U.S.C.A.Appendix, § 1191, in which the United States is seeking to recover from the defendant excessive profits realized by it during the period from April 28, 1942 to December 21, 1942.

#### Findings of Fact.

On July 11, 1944 the Under Secretary of War acting under the authority of the Renegotiation Act determined that the defendant had realized excessive profits to the extent of $335,000 from April to December, 1942. It was allowed a tax credit of $268,528.73 from this sum by virtue of § 3806 of the Internal Revenue Code, 26 U.S.C.A., leaving $66,571.27 plus interest

owing. The United States has collected $7,990.11 on its claim, and has applied $4,739.14 of this sum to principal and $3,250.97 against accrued interest. The government now prays judgment against defendant in the sum of $61,732.13 with interest thereon at 6% per annum from May 7, 1945 and costs.

The defendant did not petition the Tax Court of the United States for a redetermination of the order made by the Under Secretary of War as provided in § 403(e) of the Renegotiation Act within the time permitted by law for the filing of such a petition, and when it did attempt to do so its petition was dismissed.

In its answer the defendant sets up a defense that its contracts were not within the coverage of the act and consequently its profits were not of a negotiable character. It also alleges that its contracts, which were for maintenance and repair orders, were in existence and largely consummated prior to April 28, 1942 (the date of the enactment of the Act), and that the unilateral determination of the Under Secretary was in violation of defendant's constitutional rights.

All these contentions must fail, since the defendant might have presented them to the Tax Court under the procedure set up by the Renegotiation Act in § 1191(e) (2), Title 50 U.S.C.A.Appendix. Having failed to do so within the required time, it cannot raise them now. See Lichter v. United States, 334 U.S. 742, at page 792, 68 S.Ct. 1294, 92 L.Ed. 1694; United States v. Alexander Wool Combing Co., D.C.Mass., 66 F. Supp. 389, affirmed 1 Cir., 160 F.2d 103; Pownall v. United States, 9 Cir., 159 F.2d 73.

The defendant contends that the plaintiff had no right to apply against interest any amounts collected by it in that there is no provision in the Renegotiation Act authorizing the assessment of interest against unpaid principal. In United States v. United Drill & Tool Corp., 87 U.S.App. D.C. 236, 183 F.2d 998, the court considered this contention and held that interest may be charged to a defendant under the Renegotiation Act. At page 999 of 183 F.2d the court said, "But a statutory obligation in the nature of a debt bears interest even though the statute creating the obligation fails to provide for it."

The government has patiently waited, before insisting on its demand for judgment, for this defendant to try to seek relief through a special Act of Congress. It has not been successful.

### Conclusions of Law.

From the foregoing I conclude and rule that there is no course open but to enter judgment for the government as prayed for in the amount of $61,732.13 with interest thereon at 6% from May 7, 1945.