**UNITED STATES v. MITCHELL.**

United States District Court
S. D. New York.
April 14, 1953.

granting plaintiff a summary judgment for $35,000 and interest.

The United States commenced this action on April 14, 1949, pursuant to section 403(c) of the Renegotiation Act of 1942, as amended, 50 U.S.C.A.Appendix, § 1191 (c), to recover $272,700 plus interest thereon at the rate of 6% per annum from August 26, 1948.

The complaint alleges the following facts: Defendant was notified by registered mail on February 4, 1947 that the Navy Price Adjustment Board had instituted a renegotiation proceeding with respect to amounts received or accrued by the defendant under contracts and subcontracts with the Department for the fiscal year ending December 31, 1945.

These proceedings terminated in the issuance and entry of an order by the Navy Price Adjustment Board, dated September 24, 1947, to the effect that defendant acquired excessive profits for the fiscal year of 1945. Upon review of the aforementioned order, the War Contracts Price Adjustment Board on August 9, 1948, entered an order fixing the amount of excess profits at $272,700 subject to any credit available for Federal income and excess profits taxes, as provided in section 3806 of the Internal Revenue Code, 26 U.S.C.A. § 3806. The complaint alleges that in fact there are no tax credits to which the excessive profits are subject. Defendant was duly notified of the determination of the War Contracts Price Adjustment Board and demand was made on him for the amount fixed by the Board. To date he has failed to pay any part of it.

J. Edward Lumbard, Jr., U. S. Atty. for Southern District of New York, New York City (Harold J. Raby, Asst. U. S. Atty., New York City, of counsel), for plaintiff.

Samuel L. Siegel, New York City, for defendant.

LEIBELL, District Judge.

The plaintiff moves for an order striking certain denials of defendant's answer as being frivolous, and also a special defense pleaded therein, and for an order

Defendant interposed what amounts to a general denial to the complaint and also set forth as an affirmative defense that the complaint failed to state a claim on which relief could be granted.

The affidavits submitted on the motion and the various documents attached to the plaintiff's affidavit in support of the motion reveal that on October 15, 1948, the defendant filed a petition in the Tax Court of the United States for a redetermination of its excessive profits as theretofore determined by the War Contracts Price Adjustment Board. The Tax Court proceeding

was instituted under the provisions of the Renegotiation Act, T. 50 U.S.C.A.Appendix § 1191, and was concluded by a decision and order of that court entered December 9, 1952, on a stipulation of settlement fixing defendant's excessive profits from renegotiable business for the fiscal year ended December 31, 1945, at $35,000.[1]

Since the original determination upon which plaintiff's claim for $272,700 was predicated has been reduced by the Tax Court to $35,000, plaintiff now seeks an order granting summary judgment in that amount with interest from August 26, 1948, rather than for the amount demanded in the complaint.

The effect of the Tax Court proceedings has been to eliminate all but one issue of fact raised by the pleadings. That one issue is whether defendant is entitled to a tax credit under section 3806 of the Internal Revenue Code against the excessive profits of $35,000. In the affidavits of defendant and his counsel submitted in opposition to plaintiff's motion, it is claimed that the $35,000 does not necessarily represent the amount of defendant's liability to plaintiff, inasmuch as the tax credit that defendant may be entitled to under section 3806 of the Internal Revenue Code, although under consideration by the Internal Revenue Bureau, has not yet been computed. If defendant is entitled to any tax credit for that year by reason of the inclusion therein of a higher amount of excessive profits, the excessive profits defendant owes would be reduced accordingly.

Subsection (c) (2) of section 1191 of Title 50 U.S.C.A.Appendix, provides in part that: "In eliminating excessive profits the Secretary shall allow the contractor or subcontractor credit for Federal income and excess profits taxes as provided in section 3806 of the Internal Revenue Code (section 3806 of Title 26)." It is to be reasonably inferred from the above that it was the intent of the Congress that the allowance of the tax credit provided for in section 3806 of the Internal Revenue Code and the elimination of the profits deemed excessive, were to be concurrent procedures. The word "credit" as used in the context indicates as much.

The Assistant United States Attorney suggests in his reply affidavit that there may be no tax credit due as above indicated, because as against any such tax credit for the year 1945 the government would have the right to set off certain tax deficiencies for which defendant would be liable for certain other years. It does not seem that the Renegotiation Act and section 3806 of the Internal Revenue Law contemplate any such use of the tax credit as the government now suggests. The interpretation given to the two statutes by Judge Learned Hand in Stow Mfg. Co. v. Com'r, of Int. Rev., 2 Cir., 190 F.2d 723, states that the tax credit against the contractor's ex-

[1]. Defendant also asserts that he holds sizeable claims against two companies (which had government contracts) to which he rendered services in the past (the fiscal year ending December 31, 1945 according to paragraph 6 of the stipulation) and that the plaintiff has filed withholding orders with the said companies, directing them to withhold for plaintiff's account certain sums due the defendant. Paragraph 8 of the Stipulation of Settlement to which plaintiff and defendant were parties in the Tax Court proceeding provides:
"8. That any and all withholding orders now in existence and effect, heretofore issued against the said petitioner, be revoked and cancelled and that withholding orders not to exceed $35,000 in amount, be substituted therefore."
There appeared to be only two com-

panies, Zarkin Machine Co., Inc. and Alfred Hoffman & Co., against which the withholding orders are now pending. Whether there is anything due defendant from those companies is the subject of litigation. It is defendant's contention that the interests of the plaintiff are adequately protected thereby and that plaintiff will not be jeopardized in any way by a denial of this motion. Also, according to defendant, entry of a judgment in the sum of $35,000 would be prejudicial to him as a businessman, and of no avail to the government, because defendant is presently incapable of satisfying any such judgment, at least not until the aforementioned claims which he holds against two companies are collected. This is not a plea to the merits of plaintiff's motion. It cannot be considered by the Court. It is addressed to administrative discretion.

cessive profits is the amount by which the tax of the contractor is decreased when the excessive profits are eliminated from the contractor's income in calculating his Federal tax for that year. The reason for this tax credit is that "by cutting down the income on which they were computed, it would be unjust and illegal to collect them." Stow Case, supra, 190 F.2d at page 726. The contractor, although bound by the stipulation and order in the Tax Court proceeding as to the amount of his excessive profits under the Renegotiation Act, may nevertheless contest the amount of the tax credit unless there has been a "closing agreement" relating to the tax liability which "must be approved by at least an Assistant Secretary of the Treasury." Stow case, supra, 190 F.2d at page 726. There has been no such closing agreement in the case at bar. Nor is there anything before this Court on which the amount of the tax credit can be determined.

The motion for summary judgment is therefore premature. It may be renewed after the Bureau of Internal Revenue has determined the amount of the tax credit. If at that time there is still a dispute as to the amount of the tax credit, the court may be able to compute it from proof submitted in affidavit form, as suggested in Vokal v. United States, 9 Cir., 177 F.2d 619, at page 626. The government's motion for summary judgment is denied without prejudice to a renewal as hereinabove indicated.

The case of United States v. Corbetta, D.C.S.D.N.Y.1950, 96 F.Supp. 22, cited by plaintiff, is distinguishable on its facts from the case at bar. In that case the tax credit had been determined by the Bureau of Internal Revenue under section 3806 of the Internal Revenue Code. The amount of the excessive profits had been determined under the Renegotiation Act. Judge Ryan granted plaintiff's motion for a summary judgment.

In United States v. Sarkozy, D.C.Mich. 1951, 99 F.Supp. 736, the court granted partial summary judgment in a similar action, reserving the determination of the amount of the judgment until proof was submitted to the court showing what tax credits were due the defendants. Summary judgment was entered in 1947—but the amount thereof was not fixed until 1951. I do not believe that that kind of a partial summary judgment would be of any use in this case.

■■ Inasmuch as the contents of defendant's petition filed with the Tax Court, as well as documents attached thereto, directly contradict defendant's denials contained in paragraphs 2, 3, 4 and 6 of the answer and establish the main facts stated in paragraphs 3, 4, 5 and 6 of the complaint, said paragraphs of the answer are stricken as frivolous. Paragraph 1 of the answer denying knowledge or information as to whether plaintiff's action was brought pursuant to section 403(c) of the Renegotiation Act of 1942, as amended, 50 U.S. C.A.Appendix, § 1191(c), is likewise stricken as frivolous. Paragraph 5 of the answer will be permitted to stand in so far as it contains a denial of that portion of paragraph 7 of the complaint which alleges that "There being no allowable tax credits, there is a balance due and owing to the Treasurer of the United States in the sum of $272,700.00 together with interest thereon at the rate of 6% per annum from and after August 26, 1948".

There may also be a question of the date from which interest should run. The complaint asks for interest from August 26, 1948. It seems that the date would be either the date of the Tax Court's order, December 9, 1952, or the date when the tax credit is finally determined, with the former as the more likely date, because as of that date the liability for the excessive profits became a liquidated amount. United States v. Star Const. Co., 10 Cir., 186 F.2d 666, at page 669.

Settle an order in accordance with this opinion.