**UNITED STATES**

**v.**

**CONTINENTAL CHEMICAL & EN-
GINEERING SUPPLY et al.**

**Civ. No. 865.**

United States District Court
D. Hawaii.

Dec. 21, 1953.

A. William Barlow, U. S. Atty., E. D. Crumpacker, Asst. U. S. Atty., Dist. of Hawaii, Honolulu, Hawaii, for plaintiff.

Clarence Garvey, Jr., Honolulu, Hawaii, for defendant Leslie H. Jackson.

WIIG, District Judge.

This is a motion by the United States of America, plaintiff for a summary judgment against the defendants.

The action was brought by the Government to recover a claim arising under the Renegotiation Act of 1942, as amended, 50 U.S.C.A.Appendix, § 1191.

Plaintiff's complaint alleges that proceedings for the renegotiation of defendants' contracts were instituted pursuant to the Renegotiation Act and that on or about December 10, 1945, the Secretary of War, through the Commander of the Hawaiian Department, issued a unilateral determination that profits made by the defendants on contracts and subcontracts with the United States Government were excessive. Defendants were directed to repay such excess profits less applicable tax credits.

Defendants filed motions to dismiss the action because the complaint failed to state a claim against the defendants upon which relief could be granted, to strike portions of the complaint, and for a more definite statement of certain matters relating to the claim.

Two of the defendants, special partners in the partnership, filed an appeal with the Tax Court from the determination that the partnership had realized excessive profits for 1942 and 1943. The appeal was dismissed by the Tax Court because the special partners had no authority to act for the partnership. The Tax Court has exclusive and final jurisdiction to decide all questions of law and fact relating to the amount of excess profits involved, and this court is without jurisdiction to try such issues. United States v. Raymond De-Icer Corp., D.C. N.Y., 96 F.Supp. 14. United States v. Scandia Mfg. Co., D.C.N.J., 101 F.Supp. 583. Defendants' failure to properly seek a redetermination of the amount determined in the renegotiation by the Tax Court is the same as though they had never sought this administrative remedy, and this Court is without power to consider the validity of the renegotiation proceedings. Sampson Motors, Inc., v. United States, 9 Cir., 168 F.2d 878.

The complaint in this action states a claim upon which relief can be granted. Defendants' motion to dismiss and their motions to strike certain portions of the complaint and for a more definite statement are denied.

The pleadings present no genuine issue as to any material fact of which this Court may take cognizance, and hence, in accordance with Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., the plaintiff's motion for a summary judgment against the remaining defendant, Leslie H. Jackson, must be granted.

It is ordered that judgment in accordance with plaintiff's demands against Leslie H. Jackson will be signed upon presentation.