**UNITED STATES**

v.

**SHANAMAN et al.**

No. 16002.

United States District Court,
E. D. Pennsylvania.

Aug. 4, 1954.

W. Wilson White, U. S. Atty., and Francis Ballard, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

John L. Owens, Philadelphia, Pa., for defendants.

LORD, District Judge.

The United States brought this action against the defendants for recovery of excess profits realized by the defendants during January 1, 1945 to June 30, 1945, from contracts and subcontracts subject to renegotiation pursuant to the Second Renegotiation Act, 58 Stat. 78, approved Feb. 25, 1944, and as amended 59 Stat. 294, 50 U.S.C.A.Appendix, § 1191.[1]

The War Contracts Price Adjustment Board on April 13, 1949 issued an order against the defendants determining that excessive profits had been earned on certain Government contracts. The defendants failed to pay the tax on these excessive profits. Subsequently the taxpayers petitioned the Tax Court of the United States seeking a redetermination of the excessive profits. Thereafter, the defendants allege that their offers of settlement were neither accepted nor rejected by the Government for many months. Meanwhile the case before the Tax Court had been removed from the trial list at the suggestion of the United States Attorney, pending possible settlement. The case is still before the Tax Court; in fact, at the suggestion of the Tax Court, argument has been continued pending the disposition of a similar case by the Court of Appeals of the District of Columbia.

The defendants' answer to the plaintiff's motion for summary judgment is a request for a stay of proceedings until there is a final determination by the Tax

1. Section 403 of the Sixth Supplemental National Defense Appropriation Act of 1942, the "First Renegotiation Act" was amended in full by Section 701 of the Revenue Act of 1943, subsequently called the "Second Renegotiation Act."

Court. The taxpayers allege that they will suffer irreparable harm if judgment is entered against them. They also allege that delay in the final determination of the case has been occasioned by the plaintiff. The defendants assert that they are being deprived of their property without due process of law, since they have exercised every remedy granted them by the Renegotiation Act.

Section 403(e)(1) of the Act provides, inter alia, that a party aggrieved by an order of the Price Adjustment Board may file a petition with the Tax Court of the United States for a redetermination thereof. Such court is given exclusive jurisdiction, and the redetermination of excessive profits is treated as a proceeding de novo.

Under Section 403(c)(2) of the Act, the United States may bring an action to recover from the contractor "in the appropriate courts of the United States" any amount of excessive profits as determined by the Price Adjustment Board, upon the entry of an order of such Board. Execution on this order is not stayed by filing a petition with the Tax Court under the provisions of Section 403(e)(1). Defendants refer to the language of the Court in Aircraft & Diesel Equipment Corp. v. Hirsch, 1947, 331 U.S. 752, 775, 67 S.Ct. 1493, 1505, 91 L.Ed. 1796 where the Court explained * * * "The provision in § 403(e)(1) that the filing of a petition with the Tax Court 'shall not operate to stay the execution of the order of the Board' * * * does not mean that the courts are deprived of their power to grant stays where necessary. * * * Here the provision literally at any rate appears to mean only that there shall be no automatic stay by virtue of filing the petition in the Tax Court." However, such language was pure dictum, and used in a hypothetical case involving a possible suit by a defendant taxpayer against his own customers. In the present case the action is brought by the United States to collect excessive profits pursuant to Statutory authority and procedure.

That the United States has an *immediate* right to collect on its claim, as here, cannot be questioned. Sampson Motors, Inc. v. United States, 9 Cir., 1948, 168 F.2d 878; United States v. Edward Valves, Inc., 7 Cir., 1953, 207 F.2d 329. The defendants, however, interpose that because of the delays in consideration of its case by the Tax Court, irreparable harm will be done to them, and that collection on such claim will deprive them of due process. Petition to the Tax Court for a redetermination of excess profits accorded parties procedural due process, and their failure to exhaust that procedure leaves them with no right in a District Court collection suit to present questions as to the coverage of the Renegotiation Act. Lichter v. United States, 1948, 334 U.S. 742, 68 S.Ct. 1294, 92 L.Ed. 1694. As to what constitutes exhaustion of these administrative remedies, the Court explained in Aircraft & Diesel Equipment Corp. v. Hirsch, supra, 331 U.S. at page 767, 67 S.Ct. at page 1500 "The doctrine * * * does not require merely the initiation of prescribed administrative procedures. It is one of exhausting them, that is, of pursuing them to their appropriate conclusion and, correlatively, of awaiting their final outcome before seeking judicial intervention."

In the Aircraft case, supra, questions of coverage and questions of constitutionality were raised. Yet, even there, the Supreme Court required that parties must exhaust administrative procedures to the extent of "awaiting their final outcome before seeking judicial intervention." A requirement that parties must wait until the final determination of their case by administrative procedures before seeking judicial intervention is not such a harsh doctrine that it can be said to deny a party due process of law. Furthermore, the defendants have full and complete remedies to recover their overpayments in the event a final decision in the Tax Court is favorable to them. Although this Court is not condoning the procedural delays allegedly caused by the

Government, we do not feel that there has been such a delay as to constitute a denial of due process.

The plaintiff's motion for summary judgment is granted and a form of judgment for the plaintiff may be submitted.