UNITED STATES of America and Robert P. Patterson, Secretary of War, Plaintiffs,

v.

GROB, Inc., successor to Benjamin Grob and Theodore Grob, d/b/a Grob Brothers, a partnership, Defendants.

Civ. A. No. 4072.

United States District Court E. D. Wisconsin.

July 15, 1955.

Edward G. Minor, U. S. Atty., Milwaukee, Wis., for plaintiffs.

Richard C. Bonner, Grafton, Wis., for defendants.

GRUBB, District Judge.

This is an action originally brought to recover under the Renegotiation Act $70,000.00 based upon the finding of the Under Secretary of War by his unilateral determination and order dated May 31, 1944. A stipulation was entered into on October 6, 1947, by the terms of which the defendants were to furnish surety bond for the payment of such sums as might be determined by the Tax Court. In said stipulation Item No. III provided:

"Interest to run from such date as this court may determine after termination of the proceedings in the Tax Court, at 6%, on the net liability remaining after deducting Item II from Item I."

On August 24, 1954, an Amended Complaint was filed setting forth that the Tax Court on October 7, 1947, determined in accordance with the Renegotiation Act that the profits realized by the defendants during the fiscal year ending December 31, 1942, under contracts and subcontracts subject to negotiation amounted to $60,505.56 of excess profits within the meaning of the Renegotiation Act, as amended 50 U.S.C.A.Appendix, § 1191. The Amended Complaint asks for interest at the rate of six percent from May 31, 1944, to the date of payment. The defense sets forth the payment of the principal sum but denies that said amount was subject to any interest whatsoever, and alleges that the only duly determined amount of excess profits was that determined by the Tax Court. Plaintiffs made a motion for summary judgment under the provisions of Rule 56 of the Rules of Civil Procedure, 28 U.S.C.A., on the ground that the pleadings and the record show that there is no genuine issue of fact and that the plaintiffs are entitled to judgment as a matter of law.

The material facts are undisputed in the record and the court is of the opinion that the only question presented is one of law. It is also the opinion of the court that this legal question is resolved in favor of the plaintiffs by the case of Ring Const. Corp. v. United States [United States v. Ring Const. Corp.], 8 Cir., 209 F.2d 668, 672. There, as here, the unilateral determination was made in 1943 and before the determination of the Tax Court of April 6, 1948. There, as here, the unilateral determination exceeded in amount that found by the Tax Court. There, as here, the parties had stipulated that neither party waived its claim with respect to the matter of interest. The court there determined that the District Court did not err in allowing interest from the date of the unilateral determination of December 20, 1943. There, as here, the contention was made that it was error to award interest from the date of the unilateral determination by the Secretary of War. The court stated as to the right to recover interest:

"It is no longer open to dispute that the government is entitled to recover interest on repayments made under the Renegotiation Act, notwithstanding the absence of any express provision in the Act to that effect. Sampson Motors, Inc., v. United States, 9 Cir., 168 F.2d 878; United States v. Bonnell, 9 Cir., 180 F.2d 145; United States v. United Drill & Tool Corp., 1950, 87 U.S.App. D.C. 236, 183 F.2d 998; United States v. Philmac Mfg. Co., 3 Cir., 1951, 192 F.2d 517."

The court then determined that the interest should run from the date of the demand, the date of the unilateral determination. That case follows previous decisions holding in accord therewith and has not been subsequently reversed or modified.

On the basis of the foregoing, plaintiffs' motion for summary judgment is granted. Plaintiffs' counsel is directed to prepare the order for judgment in accord with this decision and submit it to counsel for the defendants for approval as to form and as to arithmetical computation. In the event of any disagreement between counsel on either, plaintiffs' counsel is directed to bring the matter on for hearing before the court with reference to the matters in disagreement.