## YOUNG *v.* GODBE.

When a suit turns on the question whether money claimed in it by the plaintiff has been advanced to the defendant, in one capacity or in another, evidence of what a person who had settled an account on the subject with the defendant *said* that the defendant told him, is not legal proof.

The fact that the court in allowing the evidence to go to the jury, told them that they might consider it for what it was worth, does not alter the case.

In a case where interest as a general thing is due (as *ex. gr.*, in the case of an account stated), the fact that there may be no statute in the place where the account is settled and the transaction takes place, does not

prevent the recovery of interest. In such a case interest at a reasonable rate, and conforming to the custom which obtains in the community in dealings of the same character, will be allowed by way of damages for unreasonably withholding an overdue account.

IN error to the Supreme Court of the Territory of Utah.

Godbe filed a complaint in the court below against Brigham Young, "*as trustee in trust of the Church of Jesus Christ, a religious association in the Territory of Utah*," alleging an account stated by "said defendant" prior to February 12th, 1866, and upon such statement a balance of $10,020 "due from said defendant;" a payment of $5000, May 30th, 1868, and praying judgment with interest at 10 per cent. "by way of damages."

The defendant demurred, assigning for cause that it did not sufficiently appear from the complaint whether the suit was against the defendant "in his individual capacity or in his capacity as trustee in trust for the Church of Jesus Christ of Latter-Day Saints." The demurrer was overruled. The defendant then pleaded that no account had ever been settled by him as "*trustee in trust*," as alleged in the complaint, and that neither the sum stated in the complaint nor any other sum had been found due to the plaintiff from "*said defendant as said trustee.*"

On the trial evidence was given tending to show that the money alleged to have been advanced by the plaintiff had been advanced to Young in some capacity, and an account stated and credit given as alleged. In what capacity was the question on which the controversy turned; whether, as alleged in the complaint, to him "as trustee in trust of the church," &c., or whether as agent of a company known as the "Deseret Irrigation and Canal Company;" a company which one of the witnesses swore was "so mixed up with the church that he did not know the difference between them." The plaintiff sought to prove that it had been advanced to Young as "trustee in trust of the church," &c. Letters from Young sought to cast the debt on the Irrigation and Canal Company.

The defendant having given evidence tending to show

that the Irrigation and Canal Company had an office in what was known as the Council House, and that the "trustee in trust," &c., had his at what was known as the President's Office, and that these departments were separate and distinct from each other, and had a separate set of clerks,— the plaintiff brought one Armstrong, who testified that he was in 1857, and had been ever since, the bookkeeper of a firm known as Kimball & Lawrence, merchants in Salt Lake City; that they had an account of some $10,000 against the Deseret Irrigation and Canal Company; that Mr. Lawrence, one of the firm, took the account and went away with it, and in a short time returned " *stating* to this witness that it had been settled by the 'trustee in trust,' by giving credit to a certain person on tithing, and that the transaction so appeared on the books of Kimball & Lawrence." The defendant objected to all this evidence, for the reason " that it was not in rebuttal and therefore illegal." The court overruled the objection (the defendant excepting) " and the testimony was permitted to go to the jury *for what it was worth.*"

In charging, the court charged that if the jury should find for the plaintiff, they would find $5020, with interest on $10,020 from the day the account was rendered until the day of the payment of $5000, and from that date to the day of trial on the amount remaining due.

Verdict and judgment having gone for the plaintiff, the admission of the evidence above mentioned and the instruction to the jury were, among other matters, assigned for error.

*Messrs. C. J. Hillier and Thomas Fitch, for the plaintiff in error ; no opposing counsel.*

Mr. Justice DAVIS delivered the opinion of the court.

The testimony of Armstrong, the bookkeeper of Kimball & Lawrence, was objected to by the defendant for the reason that it was not in rebuttal, and therefore illegal, but the court overruled the objection and permitted the testimony to go to the jury for what it was worth.

We are not prepared to say that Godbe could not rebut the case made by Young by showing that the affairs of the company were so connected with the church that, as one of the witnesses said, " he did not know the difference between them." But the evidence on this subject should not have been the declaration by one person of what another said. The fact that Young had settled the account of Kimball & Lawrence in the way he did was proper evidence to go to the jury, if Lawrence had testified to it, but Armstrong's statement of what Lawrence told him was pure hearsay. Besides, the court on its own motion enlarged the scope of the evidence by directing the jury to consider it for what it was worth. This direction enabled the jury to take a wider range of the subject than they otherwise would, and naturally inclined them to consider the evidence as fixing the right of the plaintiff to recover from the defendant in the capacity in which he was sued.

On account of the error in admitting the testimony of Armstrong, and in indicating the effect which the jury should give to it, the judgment will have to be reversed.

But as the case goes back for a new trial, it is proper to say a word upon the subject of interest, which seems more than anything else to be the chief point of difference between the parties. We can see no objection to the charge of the court on this subject. If a debt ought to be paid at a particular time, and is not, owing to the default of the debtor, the creditor is entitled to interest from that time by way of compensation for the delay in payment. And if the account be stated, as the evidence went to show was the case here, interest begins to run at once.*

It is said there is no law in the Territory of Utah prescribing a rate of interest in transactions like the one in controversy in this suit, and that, therefore, no interest can be recovered. But this result does not follow. If there is no statute on the subject, interest will be allowed by way of damages for unreasonably withholding payment of an over-

---

* 1 American Leading Cases, 5th edition, pp. 626 and 514.

due account. The rate must be reasonable, and conform to the custom which obtains in the community in dealings of this character.

JUDGMENT REVERSED, AND A VENIRE DE NOVO AWARDED.