## TREDEGAR CO. v. SEABOARD AIR LINE RY. et al.

(Circuit Court of Appeals, Fourth Circuit. March 10, 1910. On Rehearing, December 20, 1910.)

### No. 943.

1. RECEIVERS (§ 163*)—CLAIMS—RIGHT TO INTEREST.

Under the rule that interest, when not stipulated for by contract or authorized by statute, is allowable by the courts as damages for the detention of money or property, or of compensation to which claimant is entitled, subject to the exception that, where property of an insolvent passes to a receiver or an assignee in insolvency, the claimant cannot recover interest during the delay necessary to the settlement of the estate, a claimant against a railroad company in the hands of a receiver was entitled to recover interest from the maturity of its claim up to the time of the receiver's appointment.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 313; Dec. Dig. § 163.*]

### On Rehearing.

2. RECEIVERS (§ 163*)—CLAIMS—RIGHT TO INTEREST.

One holding a lien claim against a railroad company in the hands of receivers was not entitled to recover interest during the time the railroad property was in the hands of the receivers for settlement, on the theory that the railroad company was not in fact insolvent, where the allegations of the bill and cross-bill on which the receivers were appointed, charging insolvency, stood confessed, though after decree entered the corporation by a fortunate change in its circumstances adjusted its financial difficulties and resumed possession of its property in a solvent condition.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 163.*]

3. COURTS (§ 406*)—CIRCUIT COURT OF APPEALS—REVIEW.

The Circuit Court of Appeals will only pass on questions which were before the court below when the decree complained of was entered.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 406.*]

4. RECEIVERS (§ 163*)—INTEREST OF CLAIM—LIQUIDATION BY INSOLVENT CORPORATION.

Damages will not be allowed to a lien creditor of a corporation in lieu of interest during delay in adjudicating and administering the corporation's assets in insolvency, though liquidation is sought by the insolvent itself, where a cross-bill was filed by a trustee representing bondholders, asking similar relief through receivers, and a sale of the corporation's property.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 163.*]

5. RECEIVERS (§ 163*)—LIQUIDATION—PAYMENT OF DEBT.

Where a lien creditor of an insolvent corporation, in accepting payment from receivers of the principal of the debt, did so under the express agreement that such acceptance should not affect the question of the receivers' liability for interest, payment of the principal was not effective to extinguish the debt itself, so as to bar a recovery of interest.

[Ed. Note.—For other cases, see Receivers, Dec. Dig. § 163.*]

Appeal from the Circuit Court of the United States for the Eastern District of Virginia, at Richmond.

Claim of the Tredegar Company against the Seaboard Air Line Railway and its receivers. From a decree disallowing interest, claimant appeals. Modified.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Wyndham R. Meredith, for appellant.

L. L. Lewis, for appellees.

Before GOFF, Circuit Judge, and BOYD and DAYTON, District Judges.

DAYTON, District Judge. It appears from the agreed statement of facts that the Tredegar Company had an undisputed claim against the Seaboard Air Line Railway for supplies furnished, amounting to $8,980.47 for which it perfected a lien in accordance with section 2485 of the Code of Virginia within the time required by section 2486 of said Code; that the said railroad company, some time after incurring this liability, was by the court below placed in the hands of receivers; that in July, 1908, the principal amount of this claim was paid, and a receipt given setting forth that such payment should in no way affect the question of payment of accrued interest on the account, which payment of interest was denied by the receivers, and that, when the question of interest had been finally passed on by the court, the Tredegar Company was to release its lien. The court below subsequently passed upon this question, and determined that the claimant was not entitled to interest, and to review this ruling is the sole purpose of this appeal.

In United States v. North Carolina, 136 U. S. 211, at page 216, 10 Sup. Ct. 920, at page 922, 34 L. Ed, 33, it is held that:

"Interest, when not stimulated for by contract, or authorized by statute, is allowed by the courts as damages for the detention of money or of property, or of compensation to which the plaintiff is entitled."

And in Loudon v. Taxing District, 104 U. S. 771, 26 L. Ed. 923, it is held:

"Lawful interest is the only damages to which a party is entitled for the nonpayment of money due upon contract. His right is limited to the recovery of the money so due and such interest."

In Brewster v. Wakefield, 22 How. 118, at page 127, 16 L. Ed. 301, it is held, where a contract is silent as to interest after debt due, the creditor is entitled to interest after that time by operation of law, and not by any provision of the contract.

In Young v. Godbe, 15 Wall. 562, 21 L. Ed. 250, it is held:

"In a case where interest as a general thing is due (as, ex. gr., in the case of an account stated), the fact that there may be no statute in the place where the account is settled and the transaction takes place does not prevent the recovery of interest. In such a case interest at a reasonable rate, and conforming to the custom which obtains in the community in dealings of the same character, will be allowed by way of damages for unreasonably withholding an overdue account."

In Cooper & Co. v. Coates & Co., 21 Wall. 105, at page 111, 22 L. Ed. 481, it is held:

"A sale of goods without a term of credit given is liquidated when contracted, and after the account is presented, and impliedly admitted, the defendants are in default and chargeable with interest."

This general rule, established by these and very many other authorities, is, however, subject to an exception where the property of an insolvent debtor passes into the hands of a receiver or an assignee in

insolvency, in which case the delay in distribution is held to be the act of the law and a necessary incident to the settlement of the estate. Thomas v. Western Car Co., 149 U. S. 95, 13 Sup. Ct. 824, 37 L. Ed. 663; Grand Trunk Ry. Co. v. Central Vt. Ry. Co. (C. C.) 91 Fed. 569 · Malcomson v. Wappoo Mills (C. C.) 99 Fed. 633, 635; Solomons v. Am. B. & L. Ass'n (C. C.) 116 Fed. 676; State Trust Co. v. Kansas City P. & G. R. Co. (C. C.) 129 Fed. 455, bottom page 458.

Under these authorities it appears from the record before us that this case comes under this exception to the general rule touching the payment of interest, and that the court below did not err in disallowing interest from and after the appointment of the receivers. It does appear, however, that the account of plaintiff was stated, due, and payable a considerable period of time before the receivers were appointed, and for such period interest should have been allowed.

It therefore follows that the decree of the court below should be modified, so as to allow plaintiff and appellant interest upon its account from the date it became due and payable up to the date of the appointment of the receivers, and the cause will be remanded, with directions to so modify the decree complained of.

Modified.

## On Rehearing.

A very careful consideration of the petitions filed by both sides for rehearing and of the briefs and arguments of counsel had upon such rehearing has convinced us that the original conclusion reached by us is right. The appellant has insisted that it was wrong, in that it held this case to be "subject to an exception where the property of an insolvent debtor passes into the hands of a receiver or assignee in insolvency, in which case the delay in distribution is held to be the act of the law and a necessary incident to the settlement of the estate." And this for two reasons: First, because the debtor, the railway company, is not insolvent; and, second, because appellant's claim is a secured one.

The answer to the first contention is complete, when attention is called to the undisputed facts that the decree complained of was entered by the court below on the 28th of June, 1909, at which time the allegations of the original bill filed by the railway company and of the cross-bill filed by the Continental Trust Company, trustee in the first mortgage, for foreclosure, alleging the railway company to be insolvent, were wholly undenied, and upon the record stood for confessed. In fact the trustee in the mortgage had expressly admitted the insolvency in its answer to the original bill, and the original cause and that arising upon its cross-bill had been consolidated. Under such circumstances this court cannot consider the fact that after this decree was entered the railway company, by a fortunate train of circumstances subsequently arising, was enabled to adjust its financial difficulties and resume possession of its property in a solvent condition. If such result had been anticipated, or if it desired to run the risk of such fortunate outcome arising, the appellant might well have delayed asking for the adjustment of its claim until such contingency had arisen. It did not, but, on the contrary, asked for and secured its adjustment at a

time when the insolvency of its debtor was conceded. This court is a court of appeal, and will only pass upon questions which were before the court below at the time the decree complained of was entered. Whitney v. Dick, 202 U. S. 132, 137, 26 Sup. Ct. 584, 50 L. Ed. 963; McDonald v. Smalley, 1 Pet. 620, 7 L. Ed. 287; Union Bank v. City of Richmond, 94 Va. 316, 320, 26 S. E. 821.

As to the second contention relied upon by the appellant, the Supreme Court, as stated in our original opinion, has held that:

"Interest when not stipulated for by the contract, or authorized by statute, is allowed by the courts as damages for the detention of money or of property, or of compensation to which the plaintiff is entitled."

In other words, when a debtor withholds his money or property from his creditor, he injures his creditor by so depriving him of his due, and damages at a fixed rate, ascertained by law to be the value of the use of money, is awarded him for the period his debtor has deprived him of its use. But this presumes that the debtor has the money or property in his possession and is securing the profit arising from its use. On the other hand, when the debtor becomes insolvent and, at the instance of his creditors, his money and property are taken from him by the law, appealed to by creditors for the purpose of ascertaining their rights and priorities to such money and property, it would seem to be unjust to both debtor and to his unsecured creditors to award to secured creditors interest as damages for the law's delays made necessary in the ascertainment and adjustment of the creditors' rights. In such case the debtor is deprived of the use of his property from which he might well secure in profit the damages so assessed against him, while the unsecured creditor may lose a part or the whole of his debt by reason of the absorption of the assets in the awarding of such damages to the secured creditors. It therefore seems to us to be entirely equitable that, while the custody of the law continues in such case, such interest in the nature of damages should not be awarded.

And this seems peculiarly to be so in regard to insolvent corporations. In Griffith v. Blackwater Boom & L. Co., 46 W. Va. 56, 33 S. E. 125, the Supreme Court of Appeals of West Virginia, following the New York decisions, has held that when a corporation is forced into involuntary liquidation its executory contracts become nugatory, and that a contractor having a "supply contract" entitling him to a lien is not entitled, under such conditions, to recover damages for the breach of his contract, but only to a just compensation for the actual expenditure of labor and money by him in fulfillment of his contract, subject to a deduction of all sums paid him thereunder. This ruling was affirmed by the same court, in the same case, upon second appeal (Griffith v. Blackwater Boom & L. Co., 55 W. Va. 604, 48 S. E. 442, 69 L. R. A. 124), and in Tennis Bros. Co. v. Wetzel & Tyler Ry. Co. (C. C.) 140 Fed. 193, it is cited and followed, and upon appeal this court affirmed the lower court's action in so doing (Wetzel & Tyler Ry. Co. v. Tennis Bros. Co., 75 C. C. A. 266, 145 Fed. 458).

If, under conditions of insolvency, the contract of the corporation becomes nugatory, and damages will not be awarded for its breach to

the person holding it and having a lien to secure it, surely damages will not be allowed to a lienor, in lieu of interest, during the law's delays in adjudicating the insolvent company's assets. But it may be urged that the rule does not apply where the liquidation is sought by the insolvent corporation itself. The objection, while technical, may be well founded; but as to this we are not called upon here to decide. While the original bill was filed by the railway company, a cross-bill was filed by the trustee representing the mortgage bondholders, asking for such liquidation through receivers and a sale of the property. These two causes were consolidated and heard together, and the decree complained of was pronounced after such consolidation. These facts clearly demonstrate that the insolvency of the company at the time was conceded, and that these proceedings were instituted in good faith, and were inevitable to compel liquidation upon the part of the corporation.

Finally, it is urged by appellee railway company that it was error on our part to modify the decree of the court below, and not affirm in toto; and this for the reason that appellant, by acceptance of the principal of its debt, extinguished the debt itself, and thereby barred recovery of interest. We do not controvert the soundness of this rule when applied to parties dealing with each other. It is well settled in Stewart v. Barnes, 153 U. S. 456, 14 Sup. Ct. 849, 38 L. Ed. 781. But in this case the parties were not dealing with each other, but appellant was dealing with the receivers, and with the express agreement that payment of the principal of its debt should in "nowise affect the question of the payment of interest," which question was to be submitted and determined by the court. These receivers were the appointees and agents of the court, to conduct the affairs of the railway corporation to a final liquidation or settlement, subject always to the court's direction and approval of their acts. This agreement was therefore in effect that of the court itself. Under such circumstances this rule cannot apply, for in equity and good conscience no court could refuse to redeem its obligation to determine the right of appellant to demand such interest.

The decree complained of must be modified and affirmed, as directed in the original opinion.