George Eric ROSDEN, Appellant,

v.

A. LEUTHOLD, Appellee.

No. 15153.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 30, 1959.

Decided Jan. 7, 1960.

Petition for Rehearing Denied
Jan. 19, 1960.

Mr. Robert S. Caviness, Washington, D. C., for appellant.

Mr. N. Meyer Baker, Washington, D. C., for appellee.

Before WILBUR K. MILLER, BAZELON and FAHY, Circuit Judges.

BAZELON, Circuit Judge.

Leuthold sued Rosden on three unpaid bills of exchange. In addition to the $4,-700 debt, Leuthold prayed for interest from the date the notes fell due, plus reasonable attorney's fees and costs. Rosden denied liability and counterclaimed for $2,182.23 plus interest and costs. This amount was represented to be the unpaid balance of a $12,000 note of Leuthold's upon which Rosden had incurred liability as an accommodation endorser. The District Court found for each party in the amount claimed on their respective causes of action, allowed interest on each from the date of judgment, and granted Leuthold $1,000 attorney's fees.

Only Rosden appeals. He contends that the trial judge erred in three respects: (1) attorney's fees should not have been awarded to appellee, (2) appellant should have been permitted to amend the amount requested in the counterclaim in order to correct an arithmetical error, and (3) interest on the counterclaim should have been allowed from the date the note fell due and not from the date of judgment. We shall discuss each of these points in turn.

(1) Appellee's attorney's fees: Appellee supports the allowance of attorney's fees on the ground that the notes were executed in Switzerland and Swiss law awards attorney's fees to the prevailing party. Even if this were true,[1] it would not avail appellee. The prevailing conflicts rule holds that, unless the parties manifest a contrary intent, the measure of damages for failure to honor a bill of exchange is governed by the place of payment.[2] Since attorney fees are an element of damages,[3] and since these bills were payable in the District of Columbia, that law determines whether they are recoverable in an action upon a note.

The District of Columbia Code provides that in actions at law attorney's fees may not be taxed to either party, unless provided for by law.[4] Since the

---

[1] American courts treat foreign law as a fact which, like any other fact, must be proven at trial. Ennis v. Smith, 1852, 55 U.S. 400, 425–428, 14 L.Ed. 472; see also cases and authorities collected in Note, Proof of the Law of Foreign Countries: Appellate Review and Subsequent Litigation, 72 Harv.L.Rev. 318 (1958). Yet appellee, who had the burden of establishing his right to reimbursement of attorney's fees, did not attempt to prove the relevant Swiss law. For this reason, we would at least be forced to remand the case with directions to permit the appellee to introduce evidence on this question, see Walton v. Arabian American Oil Co., 2 Cir., 1956, 233 F.2d 541, 546 (opinion of Judge Frank, dissenting in part), if not to reverse outright, ibid. (majority opinion). Since we find that foreign law does not control, we do not reach this question.

[2] There does not appear to be any controlling precedent in the District of Columbia. The Supreme Court has looked to the law of the place of payment to determine: (1) the mode and timeliness of presentment, Pierce v. Indseth, 1882, 106 U.S. 546, 1 S.Ct. 418, 27 L.Ed. 254; Wiseman v. Chiapella, 1859, 64 U.S. 368, 380, 16 L.Ed. 466; (2) the sufficiency of performance by the principal obligor, Scudder v. Union National Bank, 1875, 91 U.S. 406, 412–413, 23 L.Ed. 245 (dicta); and (3) the "formal and essential validity * * * [and] incidents of obligation," United States v. Guarantee Trust Co., 1934, 293 U.S. 340, 345, 347, 55 S.Ct. 221, 224, 79 L.Ed. 415 (dicta). The rule stated in text is unanimously stated and approved by the commentators. Restatement, Conflict of Laws §§ 369, 372, (1934); 2 Beale, Conflicts 1335 (1935); Goodrich, Conflicts 255 (1949); Stumberg, Conflicts 253, 266 (1951); 10 C.J.S. Bills and Notes § 49 (1938).

[3] See Schlein v. Smith, 1947, 82 U.S.App. D.C. 42, 43, 160 F.2d 22, 25; Murphy v. O'Donnell, D.C.Mun.App.1948, 63 A. 2d 340.

[4] D.C.Code § 11–1501 (1951); Cahill v. Bryan, 1950, 87 U.S.App.D.C. 271, 184 F.2d 277.

code does not provide for attorney's fees in such a case as this, and since the parties did not agree that appellant should bear these costs, the award of counsel fees must be reversed.

■ (2) Amendment to the counter-claim: On December 31, 1956, the appellant Rosden filed his answer to the appellee's complaint and counterclaimed for $2,182.23. At the pre-trial conference on November 5, 1958, the hearing judge recited that

"Defendant counterclaims against plaintiff asserting an indebtedness of $2,182.23 with interest from June 1, 1950 as a result of defendant's endorsement of plaintiff's promissory note which defendant was obliged to pay and of which plaintiff repaid a part. * * * Plaintiff asserts as far as defendant's counterclaim is concerned there was a mutual release barring said claim * * *."

Appellant subsequently discovered at the trial that the amount demanded in his counterclaim had been erroneously computed. The error apparently occurred either in adding the seven partial payments which appellee had made over a four-year period, or in subtracting this sum from the total indebtedness. In either event, appellant's Exhibit 4 showed the balance due as $2,987.75.[5] At the conclusion of the trial, after all the evidence was in, appellant's attorney pointed out the error to the court. In the ensuing discussion, in which appellee's attorney took no part, the judge ruled that he was bound by the pre-trial order and denied appellant's motion for leave to amend.

Rule 16 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that the court may direct the parties to attend a conference to consider, *inter alia*, "(1) The simplification of the issues; (2) The necessity or desirability of amendments to the pleadings; * * * [or] (6) Such other matters as may aid in the disposition of the action." Rule 16 further provides that the action taken at the pre-trial conference shall be recited in a court order, "and such order when entered controls the subsequent course of the action, unless modified at trial to prevent manifest injustice." We need not decide whether the amount claimed as money damages is an "issue" or "other matter" within the meaning of Rule 16 so that a pre-trial order reciting an erroneously computed claim "governs the subsequent course of the action." Nor is it necessary to determine whether the amendment which appellant requested was necessary "to prevent manifest injustice." For we think that this case is governed by the rules applicable to retrospective amendment of the pleadings and of the prayer for relief in order

5.             DEFENDANT'S EXHIBIT 4

| June 8, 1950 | note paid | 12,000.00 | |
| | costs sfrcs 1330.75 | 311.29 | |
| June 27, 1950 | received | | 2,062.40 |
| July 25, 1950 | received net | | 6,616.14 |
| October 21, 1950 | received from Chicago | | 105.00 |
| Jan. 25, 1952 | received from Chicago | | 281.25 |
| June 29, 1953 | received from Chicago | | 315.00 |
| Jan. 28, 1954 | received from Chicago | | 105.00 |
| November 5, 1954 | received from Chicago | | 138.75 |
| balance | | [sic] | 2,987.75 |
| | | 12,311.29 | 12,311.29 |

Computation will disclose that the balance shown in this exhibit, $2,987.75, was also in error. Since appellee did not challenge either the amount of the indebtedness shown in this exhibit or the number and amount of the payments claimed to have been received, we must assume that these figures are correct and that $2,687.74 is the balance due. This is the amount for which appellant now claims judgment.

that they may conform to the evidence adduced at trial.[6]

█ Amendment of issues is required by Rule 15(b), Fed.R.Civ.P.: "When issues not raised by the pleadings are tried by express or implied consent of the parties they *shall* be treated in all respects as if they had been raised in the pleadings." (Emphasis supplied.) And amendment of the prayer for relief to conform to the evidence is required by Rule 54(c): "except as to a party against whom a judgment is entered by default, every final judgment *shall* grant the relief to which the party in whose favor it is rendered is entitled, *even if the party had not demanded such relief in his pleadings.*" (Emphasis supplied.) The purpose of these rules is to avoid the tyranny of formalism. This is in harmony with the spirit of the pre-trial practice under Rule 16, which seeks to define the claims and defenses of the parties for the purpose of eliminating unnecessary proof and issues, lessening the opportunities for surprise and thereby expediting the trial.[7]

As applied to the instant case, we find no conflict in the rules upon the propriety of allowing the amendment which appellant requested. Appellee's sole defense asserted at pre-trial and trial was the alleged existence of a valid release. He did not object to appellant's exhibit on the ground of surprise, even though it disclosed that the balance due on the notes was greater than the amount stated in the pre-trial order. He has never said that disclosure of the exhibit impeded the trial. Nor has he ever claimed that he was prejudiced by surprise or that he was otherwise deprived of the opportunity to challenge the greater amount. In these circumstances, we think the trial court erred in refusing judgment on the counterclaim in the amount shown by the evidence to be the balance due upon the notes, namely, $2,687.75. Accordingly, we reverse and remand this phase of the case with directions to enter judgment in that amount.

█ (3) Interest on the counterclaim: The District of Columbia Code provides that in "an action to recover damages for breach of contract" interest runs from the date of judgment unless judge or jury include it as an element of damages. D.C.Code § 28–2708 (1951). But where the action is to recover a "liquidated debt," on which "interest is payable * * * by law or usage" any judgment *"shall* include interest * * * from the time [the debt] was due * * * until paid." •D.C.Code § 28–2707 (1951). (Emphasis supplied.) It is clear that appellant's action as an accommodation endorser was for a liquidated amount, and that interest is payable by law or usage.[8] Consequently interest should have been awarded from the date the obligation became due.[9] We remand this aspect of the case to the District Court with directions to determine when the obligation fell due, and to award Rosden interest on the counterclaim from that time.

Reversed and remanded.

6. See, e. g., Pennsylvania Greyhound Lines v. McKenzie, 1956, 99 U.S.App.D.C. 50, 237 F.2d 204; Bucky v. Sebo, 2 Cir., 1953, 208 F.2d 304; Rogers v. Union Pacific R. R., 9 Cir., 1944, 145 F.2d 119.

7. See generally 3 Moore, Federal Practice ¶ 16.02.

8. Young v. Godbe, 1872, 82 U.S. 562, 21 L. Ed. 250; cf. United States v. United Drill & Tool Corp., 1950, 87 U.S.App. D.C. 236, 183 F.2d 998; 47 C.J.S. Interest § 10 (1946).

9. Since Leuthold's claim was apparently also for a liquidated debt, he too would have been entitled to interest from the date the debt fell due. Since he has not appealed, we are unable to rectify whatever error there may have been. He is free, of course, to petition the District Court to reopen the judgment under applicable portions of the Federal Rules of Civil Procedure. See, e. g., Rule 60(b) (6).