**BETHLEHEM STEEL CO., Inc., Plaintiff,**

v.

**LYKES BROS. STEAMSHIP CO., Inc., Defendant.**

**Civ. A. No. 2593–63.**

United States District Court
District of Columbia.

July 6, 1964.

Ezekiel G. Stoddard, Max O. Truitt, Jr., Wilmer, Cutler & Pickering, Washington, D. C., for plaintiff, Bethlehem Steel Co.

Odell Kominers, Washington, D. C., for defendant, Lykes Bros. Steamship Co., Inc.

WALSH, District Judge.

This matter comes before the court on the following:

1. The motion of Plaintiff, Bethlehem Steel Company, Inc., for summary judgment on the complaint and for dismissal of the defendant's counterclaim.

2. Defendant, Lykes Bros. Steamship Co., Inc.'s motion to stay, or dismiss the action; or, in the alternative for summary judgment.

The action arises out of a contract, entered into on October 3, 1958, between the Plaintiff, Bethlehem Steel, on the one side, and Defendant Lykes Bros. Steamship Co. and the United States on the other. This contract called for plaintiff to construct four vessels, in consideration for which the United States and the defendant agreed to pay $36,688,000.

The vessels were delivered and the United States paid its share of the contract price. Defendant, Lykes Bros., has paid 95 per cent of its share of the contract price, but withheld the sum of $1,-010,916.08, which plaintiff claims became due on December 28, 1962. Plaintiff asks judgment for this amount, plus interest and costs.

Defendant asserts that plaintiff was late in delivery and is liable for liquidated damages pursuant to Articles 6 and VII of the contract, at the rate of $2500.-00 per vessel per day. The asserted total delay is 555.021 days, which, at the rate of $2500.00 per day, is $1,387,552.50. Defendant has demanded payment of the liquidated damages and counterclaims for that amount in this action.

Both parties have agreed as to the amount of the unpaid portion of the contract. Bethlehem Steel submitted an invoice dated December 28, 1962, for $1,-010,916.08. The defendant concedes that this is the amount equal to 5 per cent of its share of the total contract price.

The defendant's primary defense to the contract claim is that the counterclaim for liquidated damages is pending in an administrative determination before the Maritime Board, and since this is a compulsory counterclaim, the doctrine of exhaustion of administrative remedies precludes the determination of the entire matter at this time.

This Court does not agree. The amount due on the contract is not in dispute. The only other legitimate defense would be as to whether the defendant may use the claimed liquidated damages as a set-off to the contract price. This defense, however, is precluded by the language of the contract itself. Article 6 of the General Provisions, which form a part of the contract, refers to liquidated damages and states as follows:

" * * * The payment of such liquidated damages shall not affect any other rights or remedies of the Owner and the Board hereunder as to matters other than the date of delivery. Such liquidated damages shall not be considered as an allowable item of cost in the determination of profit under the provisions of

Article 15 of these General Provisions."

On December 3, 1962, the Chief of the Office of Ship Construction of the Maritime Board informed the defendant that " * * * The contract specifically excepts the inclusion of any liquidated damages in the computation of the contract price. It is considered therefore, that the final contract price has been determined and that payment is due the Contractor under Article VI(c) of the Special Provisions."

The Government then honored the contractor's invoice for its share of the final payment.

Therefore, it appears to this Court that the claim of the Plaintiff for $1,010,916.08 is due and payable and is separate from the defendant's counterclaim for liquidated damages.

■ This Court is also of the opinion that the counterclaim is not a compulsory counterclaim under Rule 13(a) of the Federal Rules of Civil Procedure. This rule requires such counterclaim be stated " * * * except that such a claim need not be so stated if at the time the action was commenced the claim was the subject of another pending action."

The counterclaim is presently before the Maritime Board and therefore is the "subject of another pending action " In addition, the Defendant has not exhausted its administrative remedies and any adjudication by this Court as to the counterclaim would be improper.

■ The final question relates to the interest claimed by the Plaintiff. This Court is of the opinion that the judgment should include interest from December 28, 1962.

The law in the District of Columbia is clearly stated in United States v. United Drill and Tool Corp., 87 U.S.App.D.C. 236, 183 F.2d 998 (1950). The court, speaking through Judge Prettyman, at page 999, stated:

"The rule as to allowance of interest can be found as a thread which runs through many cases in the Supreme Court. * * * (citing). If the obligation is in the nature of a debt it is deemed interest-bearing because the statutory purpose was to create a debtor-creditor relationship and in equity interest is allowed as a means of compensating a creditor for loss of use of his money. * * * "

In addition, Title 28, Section 2707, D. C.Code, states as follows:

"In an action in the United States District Court for the District of Columbia to recover a liquidated debt on which interest is payable by contract or by law or usage the judgment for the plaintiff shall include interest on the principal debt from the time when it was due and payable, at the rate fixed by the contract, if any, until paid."

In this instance, the rate is not fixed by the contract, and in such event Title 28, Section 2701, D.C.Code, sets the rate at six per cent.

Therefore, in accordance with the above, it is this 6th day of July, 1964,

Ordered, that Plaintiff's motion for summary judgment on the complaint be, and the same hereby is, granted; and

It is further ordered, that Defendant's counterclaim be, and the same hereby is dismissed without prejudice to renew upon the completion of all administrative action as provided by law.

It is further ordered, that Defendant's motions to stay or dismiss the action, or in the alternative for summary judgment be, and the same hereby are, denied.

Counsel for Plaintiff will submit findings of fact and conclusions of law.