**Floyd Marshall SEEK, Appellant,**

**v.**

**Herbert R. EDGAR and Laura Edgar, Appellees.**

**No. 6028.**

District of Columbia Court of Appeals.

Argued Feb. 28, 1972.

Decided July 26, 1972.

Patrick J. Attridge, Washington, D.C., for appellant.

Carl P. Fogel, Washington, D.C., with whom Samuel H. Suls, Washington, D.C., was on the brief, for appellees.

Before KERN, REILLY and YEAGLEY, Associate Judges.

YEAGLEY, Associate Judge:

This is an appeal from a judgment entered in favor of the appellees against the appellant on a jury verdict for damages[1] stemming from the alleged negligent operation of an automobile involved in a collision at the intersection of 5th and H Streets, N.W.

The only issue raised by appellant is the trial court's refusal to give an instruction on contributory negligence inasmuch as appellant's answer did not specifically allege contributory negligence, but asserted that "the injury or damage to the plaintiffs, if any, was a result of the sole negligence of the plaintiff, Herbert R. Edgar."[2]

The evidence adduced at trial dealt largely with the question of the care, or lack thereof, exercised by the respective drivers of the two vehicles involved in the collision. Factually, the testimony boiled down to a question of credibility.

Upon the completion of the testimony, the trial court charged the jury in pertinent part:

The plaintiff has said that this accident was the result of the negligence of the defendant. The defendant in turn, ladies and gentlemen, in what is called an answer has replied to the complaint and has said that the accident was the result of the negligence of the defendant. [sic] So, that's your issue. You have to determine who is negligent and remember I said, ladies and gentlemen, the party asserting this has to carry the burden. If the plaintiff did not carry the allegations of negligence by a preponderance of the evidence and that is absolutely essential. By the same token, if the defendant did not carry the issue by a preponderance of the evidence that this accident was the result of the sole negligence of the plaintiff he fails. So you have to find, you have to determine if either party was negligent. Now, if you find that the plaintiff is negligent and that his negligence was the proximate cause of this accident then you find for the defendant. That's one type of verdict.

The second type of verdict, if you find by a preponderance of the evidence that this accident was the result of the negligence of the defendant then you find in favor of the plaintiff. Now, if you find in favor of the plaintiff, that the accident was the result of the negligence of the defendant, then you go on to that second step which I told you is the damage question.

The court's instructions were not intended to, and did not, provide for a verdict based on contributory negligence.

We come then to appellant's contention that he was entitled to such an instruction. The principal purpose for Superior Court Civil Rule 8(c), of course, is to give

---

1. The verdict included damages to property and personal injuries to the male appellee (the driver) and loss of consortium to the female appellee (the passenger).

2. Super.Ct.Civ.R. 8(c), which follows the federal rule, requires that the defense of contributory negligence be pleaded affirmatively.

fair notice of the defense. We think that purpose was satisfied here.

■ The plea that the collision was caused by the sole negligence of the appellee put in issue appellee's negligence and raised a question as to his right to recover. Although the words "contributory negligence" were not used, the issue was drawn. While the plea of "sole negligence" may be an effort by a defendant to continue the denial of negligence on his part, it no less raises the issue of the negligence of the plaintiff and is sufficient to put him on notice.

It has been held in an action for personal injuries that an allegation in defendant's answer that the plaintiff's injuries were caused through his own negligence was sufficient to raise the defense of contributory negligence.[3]

Superior Court Civil Rule 8(f) provides, as does the federal rule, that "[a]ll pleadings shall be so construed as to do substantial justice."[4] In furtherance of this, it has been said that since the adoption of the new federal rules pleadings are no longer strictly construed,[5] precise and complete averments are no longer required[6] and that pleadings should be liberally construed in favor of the pleader.[7]

With sensible guidelines such as these, we would be emphasizing matters of form over substance to hold here that appellant's answer did not raise the issue of contributory negligence.

Under the circumstances of this case, appellees could not claim surprise, nor do we see how they could contend that it would have been unduly prejudicial or unfair had the trial court instructed the jury on contributory negligence. They had ample notice of the nature of appellant's defense.

■ We believe, however, that appellant was entitled to an instruction on contributory negligence for the added reason that the trial was conducted on that theory by the express or implied consent of the parties and that the case falls within the purpose and meaning of Superior Court Civil Rule 15(b).[8]

■■ It is generally held that when an issue not raised by the pleadings is tried by the express or implied consent of the parties, that issue is properly before the court,[9] and this applies to defenses as well as claims.[10] As has been said in applying

3. Bauman v. Aluminum Co. of America, 58 F.Supp. 160 (E.D.N.Y.1944).

4. Francis O. Day Co. v. Shapiro, 105 U.S. App.D.C. 392, 267 F.2d 669 (1959).

5. Potomac Elec. Pow. Co. v. Washington Chap. of Cong. of Rac. Eq., 210 F.Supp. 418, 422 (D.D.C.1962).

6. *Id.*

7. United States v. White County Bridge Comm'n, 275 F.2d 529 (7th Cir.), cert. denied, Clippinger v. United States, 364 U.S. 818, 81 S.Ct. 50, 5 L.Ed.2d 48 (1960).

8. Super.Ct.Civ.R. 15(b) provides in pertinent part:
   When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues . . .

9. 3 J. Moore, Federal Practice ¶ 15.13(2) at 983 and cases cited n. 2 (2d ed. 1968).

10. Metropolitan Life Ins. Co. v. Fugate, 313 F.2d 788, 795 (5th Cir. 1963); Blackwell v. Regal Cab Co., 114 U.S.App. D.C. 397, 316 F.2d 398 (1963); 3 J. Moore, Federal Practice, *id.* at 987; Lomartira v. American Auto Ins. Co., 245 F.Supp. 124, 129 (D.C.Conn.1965), aff'd 371 F.2d 550 (2d Cir. 1967).

Rule 15(b), "[t]he purpose of these rules is to avoid the tyranny of formalism." [11]

 It necessarily follows that Rule 16 concerning pretrial proceedings must be read in the light of Rule 15(b) in order to prevent manifest injustice,[12] and the pretrial order should be considered amended in the same manner as are the pleadings to conform to the issues tried. We note further that in appellant's pretrial statement as to negligence he specified "[f]ailure to operate vehicle so as to avoid colliding."

 Although the trial court here instructed the jurors as to what their verdict should be if they found appellee negligent, it did not give an instruction on contributory negligence. Ordinarily when an issue is raised by the evidence without objection and the parties have had an opportunity to present evidence on it, a determination on the merits of the issue should be made. It was error for the court to instruct, as it did, "if the defendant did not carry the issue by a preponderance of the evidence that this accident was the result of the sole negligence of the plaintiff, he fails."

The appellees here had ample notice that appellant's defense was the negligence of the appellee Herbert Edgar and they could not have claimed prejudice had the jury been instructed on contributory negligence.[13]

Reversed and remanded for a new trial.

11. Rosden v. Leuthold, 107 U.S.App.D.C. 89, 92, 274 F.2d 747, 750 (1960); *also see* United States v. White County Bridge Comm'n, *supra* note 7 at 535 of 275 F.2d.

12. 3 J. Moore, Federal Practice *supra* note 9, ¶ 15.13(1), at 982; Bucky v. Sebo, 208 F.2d 304, 305 (2d Cir. 1953); *see also* Rosden v. Leuthold, *supra* note 11.

13. Whether or not plaintiff may have been guilty of negligence as a matter of law we do not now decide. We note our opinion on this question in D.C. Transit System, Inc. v. Harris, D.C.App., 284 A.2d 277 (1971), was published after this case was tried.