David S. Greene, Washington, D. C., was on the brief for appellant.

Michael A. Schuchat, Washington, D. C., was on the brief for appellee.

Before FICKLING and KERN, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

This appeal is from a judgment entered after a trial without a jury involving a suit for rent due and damages to rental property. The issue presented is whether the lower court erred by failing to resolve the respective rights of the parties to the security deposit. We reverse.

Appellant leased a house at 2128 Cathedral Avenue, N.W., from appellee and agreed to pay $900 rent per month. Appellant also agreed to deposit $895 as security for any damages to the premises. After appellant vacated the premises before the expiration of the lease without paying the final monthly rental installment, appellee filed suit to recover the unpaid rent and an additional $377, representing property damage in excess of the retained security deposit.

On several occasions during the trial, appellee admitted that he was holding appel-

**Ford T. JOHNSON, Jr., Appellant,**

**v.**

**Clay RIDGEWAY, Appellee.**

**No. 9641.**

District of Columbia Court of Appeals.

Submitted Jan. 7, 1976.

Decided March 26, 1976.

---

lant's $895 security deposit. He further represented that this figure would be deducted from the final damage figure determined by the court. Counsel for appellant also referred to the security deposit during trial and suggested to the court that this deposit be returned in the absence of proof of damages to the property.

The court awarded a judgment of $900 to appellee for rent due and owing. However, the court failed to rule on the related issues of property damage and the return of the security deposit. The court's stated rationale for this failure to decide damages was as follows:

> [T]he Court finds that even if the plaintiff completely failed to prove any item of damage, it's hands are completely without remedy to the defendant because neither a counter-claim or set off has been filed in this case.

We conclude that the court's reasoning on this matter was erroneous. Based on the record before us, we find that the court was required to resolve the competing claims for the security deposit even though appellant did not pray for its return in his pleadings.

Super.Ct.Civ.R. 15(b) provides in pertinent part:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. . . .

As has been said in applying Rule 15(b), "[t]he purpose of these rules is to avoid the tyranny of formalism." *Rosden v. Leuthold,* 107 U.S.App.D.C. 89, 92, 274 F. 2d 747, 750 (1960), as quoted in *Seek v. Edgar,* D.C.App., 293 A.2d 474, 476–77 (1972). Moreover, we would note that this rule is mandatory rather than permissive in its terms. *See* 3 J. Moore, Federal Practice § 15.13[2] at 996.

Applying this rule to the facts of the instant case, we find that the court below erred in failing to resolve the conflicting claims to the security deposit. At trial, appellee admitted that he retained the security deposit of $895. Moreover, counsel for appellant on several occasions requested the court to order the return of the deposit. Therefore, the issue of the return of the deposit, although not raised in the pleadings, was tried before the court. We note that Super.Ct.Civ.R. 54(c) provides in pertinent part:

> [E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief in his pleadings* [emphasis added].

Accordingly, we reverse the judgment of the trial court and remand for a new trial. Since the amount of rent owed ($900) was stipulated at trial, we order a new trial only on the issues of damage to the rental property and disposition of the security deposit.

*Reversed.*