**John W. NOLEN, II, Appellant,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 97–CV–854.**

District of Columbia Court of Appeals.

Submitted Dec. 8, 1998.
Decided March 4, 1999.

Alisa A. Wilkins, Washington, DC, was on the brief for appellant.

Jo Anne Robinson, Principal Deputy Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, and James C. McKay, Jr., Assistant Corporation Counsel, were on the brief for appellee.

Before WAGNER, Chief Judge, and TERRY and SCHWELB, Associate Judges.

TERRY, Associate Judge:

This case arises in the aftermath of a settlement agreement which brought to an end a federal civil rights action filed by appellant and seven other plaintiffs against the District of Columbia and some of its employees.[1] Under the terms of the settlement, the District agreed to pay each plaintiff a specified sum of money; appellant's portion was $6,500. In return, each plaintiff agreed to a voluntary dismissal of the lawsuit and executed a release discharging all named defendants from any and all future claims arising, directly or indirectly, from the occurrences alleged in the complaint.

The settlement was reached on February 26, 1996. With the exception of appellant, all the plaintiffs received their settlement payments promptly. As to appellant, however, the District conceded below that "through mistake, inadvertence, or error," the settlement with appellant "did not enter the process for payment." By the time the Corporation Counsel became aware of this oversight, on June 7, the District of Columbia's settlement fund had exhausted its allocated resources for the quarter. On December 19, 1996, after nearly ten months had elapsed since the settlement and appellant still had not received his payment, he filed this breach of contract action in the Superior Court, seeking judgment for the principal amount plus interest, costs, and attorney's fees.

On January 27, 1997, the District finally paid appellant the principal amount due under the settlement agreement. The parties then submitted cross-motions for summary judgment on the remaining claims. The trial court granted the District's motion, ruling that appellant was not entitled to pre-judgment interest because the parties "did not contract for interest to be paid on the settlement amount."[2] For the following reasons, we hold that the court erred in granting the District's motion.

1. *Butler, et al., v. District of Columbia,* C.A. No. 93–1930 (D.D.C.1993).

2. The court also denied appellant's request for costs and attorney's fees. That part of the trial court's ruling was summarily affirmed by this court on March 12, 1998, and is no longer at issue.

Under D.C.Code § 15–108 (1995), an award of pre-judgment interest is mandatory if the debt is liquidated and such interest is "payable by contract or by law or usage." The parties do not dispute that the amount owed by the District under the settlement agreement is a liquidated debt, because "at the time it arose, it was an easily ascertainable sum certain." *Kiser v. Huge,* 170 U.S.App.D.C. 407, 421, 517 F.2d 1237, 1251 (1974) (footnote omitted), *modified in part on other grounds,* 171 U.S.App.D.C. 1, 517 F.2d 1275 (1975) (en banc). The parties also agree that neither the underlying contract nor any statute provides for an award of pre-judgment interest in this case. The only remaining point of contention, then, is whether pre-judgment interest is payable in a case like this by non-statutory common law or by customary "usage." [3]

Under our case law, a trial court's inquiry into whether D.C.Code § 15–108 mandates an award of pre-judgment interest in a given case is not limited to determining whether such interest is authorized by the underlying contract. For example, in *District of Columbia v. Pierce Associates, Inc.,* 527 A.2d 306 (D.C.1987), the District failed to make timely payment of the final balance it admittedly owed on a construction contract until one month after the plaintiff filed suit. As in the case at bar, neither the contract nor any statute provided for payment of pre-judgment interest.[4] We noted, however, that section 15–108 "mandates pre-judgment interest for liquidated debts from the date the debt is due until the date it is paid." *Id.* at 310. "[T]he important question is whether the plaintiff has been deprived of the use of the money withheld and should be compensated for the loss." *Id.* at 311. Since the liqui-

dated nature of the debt was not at issue, we remanded the case for a hearing to determine when the debt came due.

We applied similar reasoning in *District of Columbia v. Potomac Electric Power Co.,* 402 A.2d 430 (D.C.1979), in which the District had failed to pay to the local electric company ("Pepco") the full monthly amount due for street lighting, believing it was foreclosed from doing so because of a statutory limit on funds appropriated for that purpose. We recognized that "[r]egardless of fault or innocence on the part of the District, Pepco was without the use of the sums here from the days on which they fell due, with the District correspondingly having the use of such funds." *Id.* at 441. Though the underlying contract was silent on the matter, we nevertheless affirmed the trial court's award of pre-judgment interest, ruling that "if a debt is a liquidated one which meets the requisites of [section] 15–108 (as does the one here), then pre-judgment interest 'shall' be awarded." *Id.* (citing *Rosden v. Leuthold,* 107 U.S.App.D.C. 89, 92, 274 F.2d 747, 750 (1960) (which also concluded, without discussion, that interest on a liquidated debt was payable by "law or usage")). *See also Powers v. Metropolitan Life Insurance Co.,* 142 U.S.App.D.C. 95, 99, 439 F.2d 605, 609 (1971) (accepting "the proposition that ordinarily law or usage would justify the award of interest from the date of an unsatisfied demand by one entitled to the proceeds of an insurance policy"); *Bethlehem Steel Co. v. Lykes Bros. Steamship Co.,* 35 F.R.D. 344, 346 (D.D.C.1964).

Finally, in *Riggs National Bank v. District of Columbia,* 581 A.2d 1229 (D.C. 1990), we expressly held that the District was

---

**3.** The District also argues that appellant's claim is barred by the doctrine of accord and satisfaction. It maintains that appellant's acceptance of the principal amount under the terms of the release constitutes a complete settlement of all of his claims against the District, including the claim for interest. Appellant contends, however, and we agree, that the release covers only those claims arising from the events underlying the original civil rights action, and that it does not insulate the District from the consequences of acts and omissions which occurred after the release was executed. The District's failure to meet its contractual obligation under the settle-

ment agreement is legally unrelated to the events covered by the release. We hold accordingly that the release has no bearing whatever on appellant's claim here.

**4.** Despite the lack of contractual or statutory authorization, the District conceded that "usage" provided for payment of some pre-judgment interest; it challenged only the rate of interest awarded, arguing successfully that it was limited by D.C.Code § 28–3302(a) (1996) to six percent per annum. *Pierce Associates, supra,* 527 A.2d at 307–311.

entitled to an award of pre-judgment interest, notwithstanding the lack of any statutory or contractual authorization, because such an award was payable by "usage." *Id.* at 1255. The opinion in *Riggs* made clear that, when applying D.C.Code § 15–108, a court must conduct a separate analysis of each of the three statutory bases—"contract," "law," and "usage"—for awarding pre-judgment interest. *Id.* at 1254–1255. In this case, by contrast, the sole reason offered by the trial court for granting the District's motion was that "the parties did not contract for interest to be paid on the settlement amount." That is not sufficient under section 15–108.

■ On remand, the trial court should consider whether the payment of pre-judgment interest "is customary or usual under similar or comparable circumstances." *Riggs,* 581 A.2d at 1255. Contrary to the assertion made by the District in its brief, however, appellant is not required to show that it is " 'customary or usual' to pay pre-judgment interest on a settlement agreement with the government." This argument mischaracterizes our interpretation of the term "usage" in section 15–108. In *Riggs* we adopted the approach of the United States Court of Appeals in *Kiser, supra,* 170 U.S.App.D.C. at 422, 517 F.2d at 1252, in which the court relied on an award of pre-judgment interest in an insurance case to establish that "law or usage" provided for such interest in a suit to recover accrued pension benefits. We held that a plaintiff is not required to demonstrate a customary usage of awarding pre-judgment interest on the specific type of claim at issue, so long as "such interest [has] been held to be recoverable in a case which [is] viewed as analogous in principle." *Riggs,* 581 A.2d at 1255.

■ The rule upon which appellant relies was succinctly stated by the Supreme Court more than a century ago: "If a debt ought to be paid at a particular time, and is not, owing to the default of the debtor, the creditor is entitled to interest from that time by way of compensation for the delay in payment." *Young v. Godbe,* 82 U.S. (15 Wall.) 562, 565–566, 21 L.Ed. 250 (1872) (quoted in *Riggs,*

581 A.2d at 1253); *accord, e.g., United States v. United Drill & Tool Corp.,* 87 U.S.App. D.C. 236, 183 F.2d 998 (1950). As we recognized in *McIntosh v. Aetna Life Insurance Co.,* 268 A.2d 518 (D.C.1970), "[a]t common law, the right to receive interest on a liquidated debt accrued [on] the date the debt was due." *Id.* at 521 (footnote omitted). Holding that this common law rule had not been abrogated by statute, we observed that "[d]enial of pre-judgment interest on such debts would ... further encourage delay in paying liquidated claims, thus permitting free use of the money for the time period consumed in litigation." *Id; see also Pierce Associates, supra,* 527 A.2d at 310–311 (discussing the common law origins and modern-day rationale for awarding pre-judgment interest).

■ We stated in *Riggs* that "a statute providing for pre-judgment interest is remedial and should be generously construed so that the wronged party can be made whole." 581 A.2d at 1255 (citation omitted). Pre-judgment interest is "imposed on a debtor's obligation ... to compensate the creditor for the loss of the use of his money." *Id.* at 1253.

> Where there has been such a deprivation, pre-judgment interest is an element of complete compensation for the loss of use of such money "from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress."

*Id.* (quoting *West Virginia v. United States,* 479 U.S. 305, 310–311 n. 2, 107 S.Ct. 702, 93 L.Ed.2d 639 (1987)). Given the broad remedial purpose of pre-judgment interest, we hold that the trial court's failure to look beyond the terms of the contract when applying section 15–108 was error.

We therefore remand this case for a determination of whether common law or customary usage provides for the payment of pre-judgment interest on a liquidated debt in cases "analogous in principle" [5] to the breach of a settlement agreement. If the trial court answers this question affirmatively, it should then decide the exact date on which the

5. *Riggs, supra,* 581 A.2d at 1255.

District was obligated to make payment under the settlement agreement in order to compute the amount of interest owed.[6] *See Pierce Associates,* 527 A.2d at 312 (holding that remand is appropriate for determination of the date on which interest began to accrue).

*Remanded for further proceedings.*

---

**6.** Since the trial court did not reach this issue, we do not decide whether the District was obligated to make payment immediately upon execution of the settlement agreement or at some later time.